Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| LESLIE A. RAMOS TRAVIESO<br><br>*Recurrida*<br><br>v.<br><br>JUANITA TRAVIESO MALDONADO<br><br>*Peticionaria* | KLAN202300761 | Apelación **acogida como *Certiorari*** procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.:<br>H1CI201100372 (207)<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de septiembre de 2023.

Comparece la señora Juanita Travieso Maldonado t/c/c Juanita Albright (señora Travieso Maldonado o peticionaria), mediante recurso de *Apelación*, el cual acogemos como un *certiorari* por ser el mecanismo adecuado para la revisión del dictamen recurrido[1], y nos solicita la revisión de la *Orden* emitida el 10 de julio de 2023, notificada el 14 de julio de 2023, por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI o foro primario). Mediante el aludido dictamen, el TPI declaró *No Ha Lugar* una moción al amparo de la Regla 49.2 de Procedimiento Civil[2] presentada por la peticionaria.

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *Certiorari* solicitado.

---

[1] Por motivos de economía procesal, conservamos la designación alfanumérica asignada por la Secretaría de este Tribunal.
[2] 32 LPRA Ap. V, R. 49.2.

Número Identificador

RES2023_____

**I.**

El 15 de junio de 2011, la señora Leslie A. Ramos Travieso (señora Ramos Travieso o recurrida) presentó una *Demanda*[3] sobre cobro de dinero en contra de la apelante, la señora Carmen Luz Travieso Maldonado y la señora Margarita Travieso Maldonado (en conjunto, codemandadas). En síntesis, la señora Ramos Travieso alegó que tuvo que incurrir en una serie de gastos médicos, de transportación y de cuidado de su abuela, la señora Basilia Maldonado Santana (Doña Basilia), los cuales estimó en $34,485.37, y que por tratarse de una suma líquida y exigible procede su pago por parte de las codemandadas, quienes son hijas de Doña Basilia.

En respuesta, el 12 de abril de 2013, las codemandadas presentaron su *Contestación a Demanda*[4], en la que negaron la mayoría de las alegaciones. Además, presentaron una reconvención mediante la cual solicitaron la anulación del testamento de Doña Basilia, basado en la preterición de uno de los herederos forzosos y una donación inoficiosa por parte de la causante.

Luego de varias incidencias procesales que no son necesarias pormenorizar, el 10 de mayo de 2021, notificada el 12 de mayo de 2021, el TPI emitió una *Sentencia*[5] en la que declaró *Ha Lugar* la Demanda sobre cobro de dinero. En consecuencia, el foro primario ordenó a las codemandadas, Juanita Travieso Maldonado y Carmen Travieso Maldonado, a satisfacer solidariamente a la recurrida la suma de $17,652.24, más el interés legal de 4.25% desde la notificación de la Sentencia hasta la satisfacción del pago en su totalidad.

---

[3] Véase apéndice del recurso, págs. 44-45.
[4] Véase apéndice del recurso, págs. 40-43.
[5] Véase apéndice del recurso, págs. 23-37.

Posteriormente, el 25 de mayo de 2023, la peticionaria presentó una *Moción en Torno a la Regla 49.2*[6]. En esencia, alegó que el cónyuge de la codemandada, aquí peticionaria, ni la Sociedad Legal de Bienes Gananciales compuesta por ambos fueron traídos al pleito incoado por la señora Ramos Travieso, a pesar de ser partes indispensables, según lo dispuesto en la Regla 16.1 de Procedimiento Civil[7].

Así las cosas, el 10 de julio de 2023, notificada el 14 de julio de 2023, el TPI emitió una *Orden*[8] en la que declaró *No Ha Lugar* la moción presentada por la peticionaria al amparo de la Regla 49.2 de Procedimiento Civil[9].

En desacuerdo con la determinación, el 31 de julio de 2023, la peticionaria presentó una *Moción de Reconsideración*[10] en la que reiteró los planteamientos previamente esbozados. El 3 de agosto de 2023, notificada el 14 de agosto de 2023, el TPI emitió una *Orden*[11] en la que declaró No Ha Lugar la moción de reconsideración y determinó que el Tribunal no tenía jurisdicción.

Inconforme, el 30 de agosto de 2023, la peticionaria comparece ante nos mediante el recurso de epígrafe y señala al TPI la comisión de los siguientes errores:

> Erró el TPI al declarar No Ha Lugar la Moción en Torno a la Regla 49.2 de Procedimiento Civil de Puerto Rico de 2009, porque la Sentencia dictada el 10 de mayo de 2021 y notificada el 12 de mayo de 2021 era nula por falta de parte indispensable, según lo resuelto por el Honorable Tribunal Supremo de Puerto Rico en García Colón et al. v. Sucn. González, 178 DPR 616 (2004); Piazza v. Isla del Río, Inc., 158 DPR 440, 453 (1979).

> Erró el TPI al declarar No Ha Lugar la Moción de Reconsideración enviada por correo certificado con acuse de recibo el 26 de julio de 2023.

---

[6] Véase apéndice del recurso, págs. 15-22.
[7] 32 LPRA Ap. V, R. 16.1.
[8] Véase apéndice del recurso, pág. 10.
[9] 32 LPRA Ap. V, R. 49.2.
[10] Véase apéndice del recurso, págs. 2-6.
[11] Véase apéndice del recurso, pág. 1.

El 19 de septiembre de 2023, la recurrida presentó su *Alegato en Oposición a Certiorari*. Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**II.**

**-A-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[12]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[13]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[14]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[15].

La Regla 40 del Reglamento del Tribunal de Apelaciones[16], establece los criterios que este foro debe tomar en consideración al entender o no en los méritos los asuntos planteados mediante un recurso de *certiorari.* La aludida regla dispone lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[12] Véase *Torres González v Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).

[13] *Íd.*

[14] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. De Justicia, supra*, pág. 91 (2001).

[15] *Íd.*

[16] 4 LPRA XXII-B, R. 40.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

En lo pertinente a este caso, el *certiorari* también es el recurso apropiado para solicitar la revisión de determinaciones post sentencia[17]. A esos efectos, el Tribunal Supremo expresó que:

Las resoluciones atinentes a asuntos postsentencia no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*. De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales. Se corre el riesgo, por lo tanto, de que fallos erróneos nunca se vean sujetos a examen judicial simplemente porque ocurren en una etapa tardía en el proceso, tal como lo es la ejecución de sentencia[18].

**-B-**

La Regla 49.2 de Procedimiento Civil[19], establece el mecanismo procesal disponible para solicitar al foro primario el relevo de los efectos de una sentencia en caso de que exista alguno de los fundamentos establecidos en la misma regla. Se trata de un mecanismo post sentencia creado con el objetivo de impedir que sofisticaciones y tecnicismos, puedan privar los fines de la justicia[20]. La referida Regla dispone específicamente, como sigue:

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

---

[17] *IG Builders et al. v. BBVAPR, supra*, pág. 339.
[18] *Íd.*
[19] 32 LPRA Ap. V, R. 49.2
[20] *García Colón et al v. Sucn. González*, 178 DPR 527, 539 (2010); *Náter Cardona v. Ramos Muñiz*, 162 DPR 616, 624, (2004).

(a) Error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

[...]

El precepto procesal de relevo de sentencia tiene el fin de establecer un justo balance entre dos principios de cardinal importancia en nuestro ordenamiento jurídico. Al ponderar la procedencia de una moción de relevo de sentencia, el tribunal debe hacer un balance entre los intereses en conflicto. Por un lado, está el derecho a que toda litigación sea concluida y, por el otro, el derecho a que en todo caso se haga justicia. Independientemente de la existencia de alguno de los fundamentos establecidos en la regla citada, el relevo de sentencia es una decisión discrecional del tribunal. Únicamente está privado de ejercer su discreción en los casos de nulidad o cuando la sentencia ha sido satisfecha. No basta con demostrar la existencia de alguno de los fundamentos contemplados en la Regla 49.2, *supra.* Además, es necesario convencer al tribunal para que ejerza su discreción y conceda el remedio.

Sin embargo, como excepción, nuestro más alto foro ha dictado que "[u]na interpretación liberal de la Regla 49.2 permite considerar una moción de reconsideración como una de relevo de sentencia, aun después de haber transcurrido el término para considerar la reconsideración o aun después de haber advenido final

y firme la sentencia, cuando dicha moción cumple con los requisitos establecidos en dicha regla"[21]. Esto significa que "una parte puede librarse de los efectos de una sentencia si logra demostrar la existencia de, al menos, una de las seis causales estipuladas en la regla"[22]. Es decir, el Tribunal de Primera Instancia tiene "discreción para considerar la moción [de reconsideración] presentada como una de relevo de sentencia, si esta calific[a] como tal"[23].

Cuando el tribunal examina una solicitud de relevo de sentencia, tiene que considerar ciertos criterios a fin de salvaguardar los derechos de las partes envueltas en el litigio. El juez de instancia deberá estar atento a la existencia de una defensa válida que oponer a la reclamación del peticionario, el tiempo que media entre la sentencia y la solicitud de relevo, el perjuicio que sufriría la parte contraria si se concede el relevo de sentencia y el perjuicio que sufriría la parte promovente de no ser concedido el remedio solicitado[24].

Además, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen el relevo de la sentencia. Si la parte que solicita el relevo aduce una buena defensa, además de alguna de las circunstancias previstas en la Regla 49.2 y el relevo no ocasiona perjuicio alguno a la parte contraria, la balanza debe ser inclinada a favor de la reapertura[25].

La moción de relevo de sentencia debe presentarse dentro de un término razonable que no excede los seis meses establecidos en la Regla 49.2*, supra.* Cuando la solicitud de relevo está basada en fraude entre las partes tiene que ser presentada dentro del término de seis meses de haberse registrado la sentencia. Sin embargo, ese

---

[21] *Pagán Navedo y Otros v. Hon. Edwin Rivera* Sierra, 143 DPR 314, 328 (1997); *Reyes v. ELA*, 155 DPR 799 (2001).
[22] *De Jesús Viñas v. González Lugo*, 170 DPR 499, 513 (2007).
[23] *Íd.*, pág. 508; *Reyes v. ELA, supra.*
[24] *Pardo Santos v. Sucn. De Jorge Stella Royo*, 145 DPR 816, 825 (1998).
[25] *García Colón et al v. Sucn. González, supra,* págs. 540-541.

plazo es inaplicable cuando se trata de una sentencia nula por fraude al tribunal, en cuyo caso, incluso puede presentarse un pleito independiente[26].

Una sentencia es nula si ha sido dictada sin jurisdicción o cuando al dictarla se ha quebrantado el debido proceso de ley. Es decir, una sentencia "es nula cuando el tribunal ha actuado de una manera inconsistente con el debido procedimiento de ley"[27]. El tribunal tampoco tiene discreción para conceder el relevo, cuando se demuestra la nulidad de la sentencia. Una sentencia nula tiene que dejarse sin efecto, independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado. La discreción que tiene el tribunal para relevar a una parte de los efectos de una sentencia resulta inaplicable cuando es nula. Ante la certeza de que una sentencia es nula, es mandatorio declarar su inexistencia jurídica, independientemente de que la solicitud se haga con posterioridad a haber expirado el plazo de seis meses establecido en la Regla 49.2[28].

**No obstante, una moción de relevo al amparo de esta regla no sustituye una moción de reconsideración o un recurso de revisión**[29]. No puede usarse "para impugnar cuestiones sustantivas que debieron levantarse antes de la sentencia como defensas afirmativas, o luego de la sentencia en un recurso de revisión"[30].

### III.

Tras examinar el dictamen recurrido a la luz de las disposiciones de la Regla 40 de nuestro Reglamento, *supra*, entendemos que no procede nuestra intervención con la determinación impugnada. Ante los hechos que presenta este caso, no consideramos que la determinación del foro primario haya sido

---

[26] *Íd.,* pág. 543; *Pardo Santos v. Sucn. De Jorge Stella Royo, supra,* pág. 824.
[27] *Rivera v. Jaume,* 157 DPR 562, 574 (2002).
[28] *García Colón et al v. Sucn. González, supra,* págs. 543-544.
[29] *Vázquez v. López,* 160 DPR 714, 726 (2003).
[30] *Rivera v. Algarín,* 159 DPR 482, 490 (2003).

arbitraria, caprichosa o que haya lesionado el debido proceso de ley de la parte peticionaria. En consecuencia, no vemos razón alguna para intervenir con el dictamen emitido.

## IV.

Por los fundamentos que anteceden, **denegamos** la expedición del auto de *Certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones