EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ana G. Reyes Díaz<br>    Recurrida<br><br>       v.<br><br>Estado Libre Asociado de Puerto Rico;<br>Municipio de San Juan y otros<br>    Demandados<br><br>A & M Contractors, Inc.<br>    Demandada-Peticionaria | Certiorari<br><br>2001 TSPR 168<br><br>155 DPR \_\_\_\_ |

Número del Caso: CC-2001-157


Fecha: 7/diciembre/2001


Tribunal de Circuito de Apelaciones:
                        Circuito Regional I


Juez Ponente:
                        Hon. Gilberto Gierbolini


Abogada de la Parte Peticionaria:
                        Lcda. Olga García Vincenty


Abogado de la Parte Recurida:
                        Lcdo. Héctor R. Santos Rivera


Oficina del Procurador General:
                        Lcda. Miriam Alvarez Archilla
                        Procuradora General Auxiliar


Materia: Daños y Perjuicios

        Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Ana G. Reyes Díaz
                    **Recurrida**

            **v.**

Estado Libre Asociado de
Puerto Rico; Municipio de          CC-2001-157          CERTIORARI
San Juan; y otros
        Demandados

A & M Contractors, Inc.
        Demandada-Peticionaria


**OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ**


San Juan, Puerto Rico, a 7 de diciembre de 2001


El día 22 de noviembre de 1999, la Sra. Ana G. Reyes Díaz, por sí y en representación de la sociedad legal de bienes gananciales compuesta por ella y su esposo, el Sr. Gregorio Asencio, instó acción en daños y perjuicios ante la Sala Superior de San Juan del Tribunal de Primera Instancia contra el Estado Libre Asociado de Puerto Rico (E.L.A.), la Secretaria del Departamento de la Vivienda, el Municipio de San Juan (Municipio), A & M Contractors (A & M) y contra Cigna Insurance Company (Cigna) en su carácter de aseguradora de esta última.[1]

---

[1] En dicha demanda, la Sra. Reyes Díaz alegó, en síntesis y en lo pertinente, que como parte del Programa de Vivienda Pública administrado por el

(continúa...)

Los emplazamientos pertinentes fueron expedidos ese mismo día, 22 de noviembre de 1999. La parte demandante diligenció oportunamente los emplazamientos respecto al Estado Libre Asociado, ello por conducto de la Secretaria Auxiliar del Departamento de Justicia, y los del Municipio de San Juan, a través del representante de la División Legal autorizado a recibir tal documento.

Mediante moción urgente, de fecha 13 de junio de 2000, la parte demandante solicitó una prórroga para diligenciar los emplazamientos respecto a la codemandada A & M Contractors, Inc., y su aseguradora Cigna Insurance Company.[2] Aún cuando dicha solicitud fue presentada pasados seis (6) meses desde

---

Municipio de San Juan, en un plan de coadministración con A & M Contractors, ella había arrendado el apartamento 817, Edificio 41, Residencial público Las Margaritas, propiedad éste del E.L.A.; alegó, además, que el día 21 de noviembre de 1998, como consecuencia de una caída ocurrida en su apartamento, sufrió la fractura parcial de la muñeca de su mano izquierda. Sostuvo la demandante Reyes Díaz que dicho accidente ocurrió a causa de la "situación peligrosa" que los demandados mantenían dentro y fuera de la vivienda, en sus alrededores y en las escaleras del edificio en donde se encontraba su apartamento y que tuvo la muñeca enyesada por espacio de dos (2) meses, habiendo experimentado intensos dolores en dicha mano y en todo el cuerpo. Solicitó del foro judicial que, luego de declarar con lugar la demanda, le ordenara a los demandados le indemnizaran solidariamente la cantidad de sesenta mil dólares ($60,000) para sí, treinta mil dólares ($30,000) para su esposo, mil seiscientos dólares ($1,600) para la sociedad legal de gananciales compuesta entre ambos y trescientos sesenta y ocho dólares ($368) por concepto de gastos médicos incurridos.

[2] Alegó, en apoyo de tal solicitud, que la dirección que aparecía en el emplazamiento respectivo de A & M resultó ser la de un apartado postal. Con respecto al diligenciamiento del emplazamiento contra Cigna, adujo que el mismo se había dificultado porque la dirección que tenían a esos efectos como perteneciente a dicha aseguradora, era una ficticia e inexistente.

la expedición de los emplazamientos, el día 15 de junio de 2000, el tribunal de instancia le concedió a dicha parte el término de treinta (30) días adicionales para que diligenciara los referidos emplazamientos, lo cual realizó la parte demandante el 18 de julio de 2000.

El 31 de agosto siguiente, A & M Contractors compareció ante el tribunal mediante moción de desestimación, en la que alegó que la causa de acción en su contra debía ser desestimada con perjuicio; ello en virtud de las disposiciones de la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.3(b).[3]

El tribunal de instancia le concedió término a la parte demandante para que respondiera a la moción de desestimación presentada por A & M Contractors. No habiendo cumplido la parte demandante con la orden del tribunal, A & M Contractors presentó moción solicitando del tribunal que dictara sentencia parcial desestimatoria de la acción que pesaba en su contra. Así las cosas, el día 17 de noviembre, el foro primario emitió sentencia desestimando parcialmente la demanda respecto a la codemandada A & M, ello en vista de que entendió que no existía razón alguna para posponer dictar sentencia parcial hasta la

---

[3] El mencionado Inciso de la Regla 4.3 lee como sigue:

(b) El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término solo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida con perjuicio.

resolución total del pleito. Se archivó en autos copia de la notificación de dicha sentencia el día 29 de noviembre.

El día 14 de diciembre, la parte demandante, mediante oportuna moción, solicitó del foro de instancia que reconsiderara su dictamen ya que, alegadamente, el emplazamiento contra A & M había sido válidamente diligenciado dentro del término de prórroga concedido por el tribunal mediante la orden emitida el día 19 de junio de 2000. Adujo que, en virtud de la misma, tenía hasta el 19 de julio de 2000 para efectuar el diligenciamiento, llevando a cabo el mismo el día 18 de julio, es decir, en tiempo hábil para ello. Sostuvo, además, que debido a que se le habían extraviado unos documentos del expediente, se había visto impedida de comparecer a tiempo en cumplimiento de la orden emitida por el tribunal el 11 de septiembre. El día 3 de enero de 2001, el tribunal de instancia  dejó sin efecto la sentencia parcial emitida el día 17 de noviembre de 2000 y archivada en autos el 29 de noviembre.

Inconforme, A & M compareció oportunamente, mediante recurso de certiorari y moción en auxilio de jurisdicción, ante el Tribunal de Circuito de Apelaciones en solicitud de la revocación de la orden emitida por el foro primario el día 3 de enero por el fundamento de que dicho foro carecía de jurisdicción para emitir la misma.

El foro apelativo intermedio, mediante resolución emitida a esos efectos, denegó tanto la referida petición de certiorari como la moción en auxilio de jurisdicción

presentadas por A & M. Adujo, en apoyo de tal dictamen, que el tribunal de primera instancia, aun cuando actuó con relación a la moción de reconsideración luego del término de treinta (30) días que le asistía a la parte demandante para recurrir en alzada, tenía entera discreción para considerar la referida moción de reconsideración como una moción de relevo de sentencia. Determinó que, a su entender, como el ámbito de interpretación liberal de la Regla 49.2 de Procedimiento Civil[4] es suficientemente amplio, la moción en cuestión cumplía cabalmente con los requisitos dispuestos en la mencionada Regla para acoger dicha moción como una de relevo. Concluyó pues el referido tribunal que el tribunal de primera instancia tenía jurisdicción para dejar sin efecto la sentencia parcial mediante la cual se desestimó la demanda en contra de A & M.

Inconforme con la actuación del Tribunal de Circuito de Apelaciones, el 1 de marzo de 2001, A & M Contractors, acudió en revisión --vía certiorari y vía moción en auxilio de nuestra jurisdicción-- ante este Tribunal. La peticionaria alega que procede revocar la resolución emitida por el foro apelativo intermedio, debido a que dicho foro incidió:

> "...al concluir que la moción de reconsideración tardíamente acogida por el Tribunal de Primera Instancia podía acogerse como una de relevo de sentencia, toda vez que la primera no cumple con las circunstancias que enumera la segunda;
>
> ...al confirmar al Tribunal de Primera Instancia al éste reconsiderar y no desestimar la demanda con perjuicio, aun cuando el emplazamiento no cumple estrictamente con los requisitos provistos por la Regla 4.2."

---

[4] 32 L.P.R.A. Ap. III, R. 49.2.

El 20 de abril de 2001, emitimos Resolución concediéndole término a la parte demandante recurrida para que compareciera y mostrara causa por la cual no se debía expedir el recurso radicado por la parte peticionaria y dictar Sentencia revocatoria de la resolución emitida por el Tribunal de Circuito de Apelaciones. Asimismo, ordenamos la paralización de todo procedimiento a nivel del tribunal apelativo y a nivel del tribunal de primera instancia hasta que otra cosa dispusiéramos.

La parte demandante recurrida hizo caso omiso de la orden de mostrar causa emitida. Ello no obstante, y estando en posición de resolver el recurso radicado, procedemos a así hacerlo.

I

De entrada, debemos recalcar que la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 47, dispone, en lo aquí pertinente, que:

> La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden..., presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de "certiorari" se considerará como que nunca fue interrumpido...Si el tribunal dejare de tomar alguna acción dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano. (Subrayado nuestro.)

La mencionada Regla persigue, en síntesis, dos propósitos, a saber: "por un lado se busca crear la oportunidad

para que un tribunal sentenciador pueda realizar la significativa tarea de corregir cualquier error que haya cometido al dictar una sentencia o resolución. Por otro lado, también se quiere evitar que el medio procesal de la reconsideración se convierta en una vía para dilatar injustificadamente la ejecución de un dictamen judicial." Lagares Pérez v. E.L.A., 144 D.P.R. 601, 612 (1997); véase, además, Castro Martínez v. Sergio Estrada, res. el 22 de septiembre de 1999, 99 TSPR 143; José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Tomo II, Publicaciones JTS, 2000, pág. 767. Dumont v. Inmobiliaria Estado, Inc., 113 D.P.R. 406 (1982).

Hemos indicado, reiteradamente, que si el foro primario no toma acción alguna con respecto a una moción de reconsideración debidamente presentada, ello dentro de los diez (10) días de haber sido instada, se considerará que el término para acudir en revisión judicial ante el foro pertinente nunca fue interrumpido por la mencionada moción. Orozco Carrasquillo v. Sánchez Betancourt, res. el 18 de mayo de 1999, 99 TSPR 76; Villanueva v. Hernández Class, 128 D.P.R. 618 (1991); Rodríguez Rivera v. Aut. Carreteras, 110 D.P.R. 184 (1980).

Ello no obstante, hemos reconocido que cuando un tribunal rechaza de plano una moción de reconsideración debida y oportunamente interpuesta, ya fuese por acción afirmativa o por inacción, dicho foro no quedará privado, automáticamente, de su facultad para reconsiderar su actuación previa. Pagán

Navedo v. Alcalde Mun. Cataño, 143 D.P.R. 314 (1997). Mientras no haya transcurrido el término para recurrir en alzada el tribunal puede considerar y entender sobre la moción de reconsideración. Es decir, aunque el foro de instancia haya denegado inicialmente la moción de reconsideración, puede acogerla posteriormente de estimarlo procedente, si aun no ha transcurrido el término para interponer el recurso de apelación o revisión. Lagares Pérez v. E.L.A., ante, a la pág. 612. Consecuencia lógica de lo anterior lo es nuestra determinación a los efectos de que "el tribunal de instancia actúa sin jurisdicción si considera la moción de reconsideración, pasado el término para recurrir en alzada, cuando la sentencia ya ha advenido a ser final y firme." Pagán Navedo v. Alcalde Mun. Cataño, ante, a la pág. 324. (Subrayado nuestro.)

"Lo determinativo para que se interrumpa el término de apelación o revisión es que el foro de instancia tome alguna acción para acoger la moción de reconsideración mientras aún tiene jurisdicción sobre el caso." Lagares Pérez v. E.L.A., ante, a la pág. 613. Claro está, luego de transcurrido dicho término, el tribunal no tendrá facultad para expresarse sobre ello pues simplemente carecerá de jurisdicción para llevar a cabo tal determinación.

Con estos pronunciamientos en mente, y aplicando la normativa antes reseñada a los hechos del caso de autos, no nos queda otro curso de acción que concluir que el tribunal de primera instancia incidió al expresarse y acoger la moción

de reconsideración presentada por la parte demandante transcurridos treinta y cinco (35) días luego del archivo en autos de la notificación de la sentencia parcial aludida. Veamos.

La sentencia parcial, mediante la cual el foro primario desestimó la demanda presentada por la Sra. Reyes Díaz con respecto a la codemandada A & M Contractors, fue emitida el día 17 de noviembre de 2000, archivándose en autos copia de su notificación el día 29 de noviembre. Inconforme con tal actuación del tribunal de primera instancia, la parte demandante presentó oportuna moción de reconsideración de la aludida sentencia parcial el día 14 de diciembre siguiente, esto es, dentro del término jurisdiccional de quince (15) días dispuesto por la Regla 47, ante.

Dicho foro no tomó acción alguna con respecto a la referida moción de reconsideración dentro de los diez (10) días siguientes al día en que ésta fue presentada. Siendo esa la situación, a todos los efectos legales, la referida moción fue "rechazada de plano". Consecuencia de lo anterior, el término jurisdiccional de treinta (30) días que le asistía a la parte afectada por la sentencia para acudir en alzada al Tribunal de Circuito de Apelaciones nunca fue interrumpido. El aludido término siguió corriendo y expiró el día 29 de diciembre de 2000.

Como indicáramos previamente, no fue hasta el día 3 de enero de 2001, que el foro primario acogió la referida moción y se expresó sobre la misma. De una simple apreciación del

transcurso procesal del caso de autos, podemos advertir que el tribunal de primera instancia acogió la aludida moción de reconsideración cuando ya <u>no</u> tenía poder <u>ni</u> facultad para ejercer tal acción, <u>ni</u> emitir la orden dejando sin efecto la sentencia parcial notificada el <u>29 de noviembre</u>. Para haber podido reconsiderar la sentencia desestimatoria, el tribunal tenía que haber actuado antes de que ésta adviniera final y firme; esto es, en o antes del 29 de diciembre de 2000, y no posterior a ello.

## II

Lo anterior no dispone de nuestro análisis del presente caso. Como expresáramos anteriormente, el Tribunal de Circuito de Apelaciones entendió que el foro de instancia podía acoger la referida moción de reconsideración como una de relevo de sentencia.

La Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2, dispone, en lo aquí pertinente, que:

> Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:
> (1)  Error, inadvertencia, sorpresa o negligencia excusable;
> (2)  Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (3)  Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;
> (4)  Nulidad de sentencia;
> (5)  La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro

modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o
    (6)    Cualquier otra razón que justifique la concesión de un remedio contra los efectos de la sentencia...

"La Regla 49.2 provee un mecanismo procesal post sentencia para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia... No obstante, esta regla no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada." José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, ante, a la pág. 783; Ríos v. Tribunal Superior, 102 D.P.R. 793, 794 (1974).

El advenimiento final y firme de una sentencia desestimatoria, dictada por el incumplimiento del demandante con las órdenes del tribunal, tiene "el efecto de una adjudicación en los méritos, a menos que el tribunal en su orden de desestimación lo disponga de otro modo." Pagán Navedo v. Alcalde Mun. Cataño, ante, a la pág. 326; Regla 39.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2. Así, para que proceda el relevo de sentencia en estas circunstancias, es indispensable que la parte que solicita el referido remedio presente ante el tribunal una moción que aduzca al menos una de la razones enumeradas en la Regla 49.2, ante. Id. Esto es, dicha parte tiene el deber de justificar su solicitud amparándose necesariamente en una de las razones dispuestas en la citada Regla. Díaz v. Tribunal Superior, 93 D.P.R. 79 (1966); Dávila v. Hospital San Miguel, Inc., 117 D.P.R. 807 (1986).

Al momento de evaluar la procedencia de la referida solicitud, el tribunal tiene el deber de tomar en consideración ciertos criterios inherentes a la Regla 49.2, entre éstos: si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. <u>Pardo Santos v. Sucesión Stella</u>, res. el 17 de junio de 1998, 98 TSPR 77; <u>Neptune Packing Corp. v. Wackenhut Corp.</u>, 120 D.P.R. 283, 294 (1988).

Es menester advertir que en <u>Pagán Navedo v. Alcalde Mun. Cataño</u>, ante, expresamos que una interpretación liberal de la Regla 49.2, ante, permite considerar una moción de reconsideración como una de relevo de sentencia, aún después de haber transcurrido el término para considerar la reconsideración o aún después de haber advenido final y firme la sentencia, <u>siempre y cuando la referida moción de relevo cumpla estrictamente con los requisitos esbozados en la referida Regla</u>. Véase: <u>Vega Maldonado v. Alicea Huacuz</u>, res. el 2 de abril de 1998, 98 TSPR 37. Ciertamente, el tribunal de primera instancia tiene discreción para considerar la moción de reconsideración presentada como una de relevo de sentencia, <u>si es que ésta cualifica como tal</u>. Claro está, al examinar el alcance de la susodicha Regla, hemos reiterado que "pese a su interpretación liberal, ésta no puede entenderse como sustitutiva de los recursos de revisión o reconsideración." <u>Pagán Navedo v. Alcalde Mun. Cataño</u>, ante,

a la pág. 327; <u>Olmeda Nazario v. Sueiro Jiménez</u>, 123 D.P.R. 294, 299 (1989).

"El interés de que los pleitos se vean en los méritos amerita protección, pero no puede, bajo toda circunstancia, prevalecer sobre los intereses, igualmente justos, de la parte que ha sido diligente en que se resuelva el caso prontamente y se termine la incertidumbre, y los intereses del público en general en evitar la congestión en los calendarios y las demoras innecesarias en el trámite judicial, promoviendo así la solución justa, rápida y económica de la controversia." José A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, ante, a la pág. 784.[5]

Cónsono con lo anterior, hemos indicado que "utilizar el mecanismo procesal de relevo de sentencia para extender indirectamente el término para recurrir en alzada, atentaría contra la estabilidad y certeza de los procedimientos judiciales, interés fundamental de nuestro ordenamiento jurídico." <u>Pagán Navedo v. Alcalde Mun. Cataño</u>, ante, a la pág. 328.

A la luz de estos principios, evaluamos si incidió, o no, el Tribunal de Circuito de Apelaciones al considerar la moción de reconsideración presentada por la parte demandante, aquí recurrida, como una de relevo de sentencia.

Adujo el foro apelativo intermedio, como fundamento de su determinación, que cuando un tribunal de instancia emite

---

[5] Véase, además, <u>Dávila v. Hospital San Miguel, Inc.</u>, ante; <u>Rodríguez v. Nashrallah</u>, 118 D.P.R. 93 (1986); <u>Importaciones</u>

una sentencia desestimatoria debido al incumplimiento del demandante con órdenes del tribunal, y cuando dicha sentencia adviene final y firme, el demandante puede solicitar al tribunal, dentro del término de seis meses de haber sido registrada, el relevo de la sentencia emitida. Concluyó el foro apelativo que la moción de reconsideración presentada por la parte demandante cumplió con los requisitos impuestos por la Regla 49.2, ello por razón de que dicha parte expuso los hechos que justificaban que el foro primario dejara sin efecto la sentencia parcial emitida a favor de A & M Contractors.

Analizados, en su totalidad, los hechos del presente caso, resolvemos que la moción de reconsideración aquí en controversia no podía ser considerada como una moción de relevo de sentencia. Según mencionáramos anteriormente, la parte demandante adujo en apoyo de su solicitud que el diligenciamiento del emplazamiento con respecto a A & M lo había realizado oportunamente. Basa dicho argumento en un razonamiento totalmente erróneo, a saber: sostiene que el tribunal de instancia le autorizó una prórroga para emplazar; se olvida que dicha orden fue emitida en virtud de una solicitud de prórroga presentada tardíamente. Recordaremos que dicha solicitud fue radicada ante el tribunal ya habiendo transcurrido el término de seis (6) meses que establece la Regla 4.3(b) de Procedimiento Civil. Dicha disposición reglamentaria es clara al disponer que el término para emplazar solo podrá ser prorrogado por un término razonable a discreción

Vilca, Inc. v. Hogares Crea, 118 D.P.R. 679 (1986); Banco

del tribunal <u>si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original</u>. Transcurrido el término original, o su prórroga, sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por <u>desistida con perjuicio</u>.

Según indicáramos previamente, la moción de relevo de sentencia no procede como sustituto del recurso de apelación y que, a pesar de la interpretación liberal que pueda dársele a ésta, la misma no puede considerarse como un mecanismo revisor de sentencias. Somos del criterio de que aunque el conceder o denegar una moción de relevo de sentencia es un asunto altamente discrecional, es necesario dejar demostrado que existen razones que justifiquen el remedio solicitado, las cuales <u>no</u> existen en el presente caso. Además de lo anteriormente señalado, la parte demandante dejó transcurrir el término de seis (6) meses que establece la antes citada Regla 4.3(b) de Procedimiento Civil sin solicitar prórroga alguna para extender dicho término.

**Por los fundamentos antes expuestos, resolvemos que el tribunal de primera instancia incidió al acoger y expresarse sobre una moción de reconsideración luego de expirado el término jurisdiccional para acudir en alzada de la sentencia que se pretendía reconsiderar. De igual manera, determinamos que incidió el Tribunal de Circuito de Apelaciones al concluir que la referida moción de reconsideración, tardíamente acogida por el foro de instancia, podía**

---

<u>Central Corp. v. Gelabert Alvarez</u>, 131 D.P.R. 1005 (1992).

considerarse como una moción de relevo de sentencia, y así obviar, al darle tal carácter a la moción, los trámites apelativos pertinentes y disponibles para revisar una sentencia.

En mérito de lo anterior, procede revocar la resolución emitida por el Tribunal de Circuito de Apelaciones en el presente caso, dejándose en vigor la sentencia desestimatoria emitida por el tribunal de primera instancia el 17 de noviembre de 2000.

Se dictará Sentencia de Conformidad.


                        **FRANCISCO REBOLLO LÓPEZ**
                           **Juez Asociado**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ana G. Reyes Díaz
    Recurrida

       v.

Estado Libre Asociado de            CC-2001-157      CERTIORARI
Puerto Rico; Municipio de
San Juan; y otros
    Demandados

A & M Contractors, Inc.
    Demandada-Peticionaria

SENTENCIA

San Juan, Puerto Rico, a 7 de diciembre de 2001

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto y se dicta Sentencia revocatoria la resolución emitida por el Tribunal de Circuito de Apelaciones en el presente caso, dejándose en vigor la sentencia desestimatoria emitida por el Tribunal de Primera Instancia el 17 de noviembre de 2000.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón disiente por entender que, atendida como una de relevo de sentencia, Regla 49.2 de Procedimiento Civil; 32 L.P.R.A. Ap. III, la moción presentada debió haberse concedido. Además, a tenor con lo resuelto en Banco Metropolitano v. Berrios, 110 D.P.R. 721 (1981) y su progenie, procedía a prorrogar el término para diligenciar el emplazamiento, aún después de vencido el plazo dispuesto por la Regla 4.3(b) de Procedimiento Civil, supra, ya que existían razones válidas para justificar la dilación. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo