ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JOSÉ A. MORLÁ CATALÁN<br><br>Recurrido<br><br>v.<br><br>JUNTA DE DIRECTORES DE LA ASOCIACIÓN DE PROPIETARIOS DE HACIENDA MARGARITA, INC.,<br><br>Peticionaria | KLCE202400202 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Civil Núm.: FA2023CV00956<br><br>Sobre: *Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente) y otros |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de abril de 2024.

**I.**

Mediante un recurso de *certiorari*, presentado el 16 de febrero de 2024, comparece la parte demandada y peticionaria, Junta de Directores de la Asociación de Propietarios de Hacienda Margarita, Inc. (Junta). Solicita nuestra intervención para revocar la *Orden* emitida y notificada el 25 de enero de 2024, por el Tribunal de Primera Instancia, Sala de Fajardo (TPI).[1] En ésta, el TPI declaró sin lugar la *Moción de reconsideración y/o relevo de sentencia* instada por la Junta el 22 de diciembre de 2023, al amparo de la Regla 49.2 de Procedimiento Civil, *infra*.[2] Mediante la aludida petición, la Junta intimó al TPI a que la relevara de la *Sentencia* notificada el 7 de diciembre de 2023,[3] porque

---

[1] Apéndice del recurso, pág. 86.
[2] Apéndice del recurso, págs. 59-75. Surge del expediente que el recurrido había presentado una *Solicitud de reconsideración de la Sentencia del 7 de diciembre de 2023*, pero desistió de ésta y así lo aceptó el TPI. Véase, Apéndice del recurso, págs. 52-55, 56-57, 58.
[3] Apéndice del recurso, págs. 38, 39-51. En síntesis, el TPI ordenó la restitución del recurrido al puesto de director, según la elección de 7 de octubre de 2023. Así, pues, dejó sin efecto por nulidad la elección de oficiales llevada a cabo el 30 de octubre de 2023. De igual modo, ordenó la celebración de una reunión de la Junta de Directores para la elección de los oficiales del cuerpo rector.

Número Identificador

RES2024_____

el Sr. Enrique Bougeois Fernández (señor Bougeois Fernández), agente residente del ente jurídico[4] y quien fue debidamente emplazado el 15 de noviembre de 2023,[5] desconocía que fungía como tal.[6] Por consiguiente, el señor Bougeois Fernández no remitió a los miembros de la Junta la *Demanda* del epígrafe incoada por la parte demandante y recurrida, Sr. José Morlá Catalán (señor Morlá Catalán),[7] ni la citación a la vista de interdicto preliminar y permanente, celebrada el 29 de noviembre de 2023.[8] En cumplimiento de *Orden*,[9] el señor Morlá Catalán se opuso a la solicitud de relevo y rechazó que el alegado desconocimiento constituyera un error o negligencia excusable.[10] El TPI le dio la razón y no relevó a la peticionaria.

En el recurso que nos ocupa, la Junta arguyó que el TPI erró y abusó de su discreción al denegar el relevo de sentencia, ya que existían fundamentos y prueba que justificaban su concesión. Expresó:[11]

. . . . . . . .

> Surge de los hechos de este caso, que **el 15 de noviembre de 2023 el recurrido Sr. Morlá Catalán diligenció copia de la demanda y la citación al que aduce era el agente residente de la Asociación de Propietarios de Hacienda Margarita, según aparece en el Registro de Corporaciones del Departamento de Estado, el Sr. Enrique Bougeois Fernández**. Sin embargo, como éste mismo acredita en la declaración jurada que se presentó ante el TPI, el Sr. Bougeois **desconocía que fue designado como agente residente de la corporación**. Su única relación con la Asociación de Propietarios de Hacienda Margarita fue que trabajó para la Empresas Loyola quien fuera la desarrolladora del proyecto Hacienda Margarita. De hecho hace más de 12 años que se encuentra retirado.
>
> Por ello, **una vez el Sr. Bougeois recibió el emplazamiento y la copia de la demanda, éste no remitió los documentos a los miembros de la junta de directores** y/o a los miembros corporación como lo

---

[4] Refiérase al Apéndice del recurrido, Anejo 2.
[5] Apéndice del recurso, págs. 17, 18, 19-22. La declaración jurada de la parte demandante y recurrida fue diligenciada el 28 de noviembre de 2023. Apéndice del recurso, págs. 23, 24-25, 26-27, 28-31.
[6] Véase, Apéndice del recurso, pág. 66.
[7] Apéndice del recurso, págs. 1-16. En esencia, el recurrido impugnó la elección de los miembros de la Junta. A esos fines, solicitó un decreto de nulidad de la elección, así como que se ordenara una nueva elección bajo el Artículo 7.15 de la Ley General de Corporaciones, 14 LPRA sec. 3655.
[8] Véase, *Minuta*, Apéndice del recurso, págs. 32-37.
[9] Apéndice del recurso, pág. 76.
[10] Apéndice del recurso, págs. 77-85.
[11] Véase, *Petición de certiorari*, págs. 8-9.

dispone el Artículo 7.15 de la Ley de Corporaciones, supra. Como el mismo Sr. Bougeois lo reconoce, **los recibió y los guardó en una gaveta**. Es por tal motivo que ninguno de los miembros de Junta de Directores de Hacienda Margarita, ni los oficiales de la corporación o algún otro representante de la misma advino en conocimiento de la demanda y de la celebración de la vista de *injunction* sino hasta el 11 de diciembre de 2023 a través de un correo electrónico remitido por la Sra. Glenda Liz Qquendo [*sic*], administradora, informando que se había recibido la *Sentencia* del caso de epígrafe por correo postal. Es entonces que varios miembros de la Junta de Directores de Hacienda Margarita procedieron a buscar información sobre el caso y se percataron que la demanda y el emplazamiento había sido diligenciado al Sr. Bougeois y no a ellos.

Por tanto, **es claro que la inadvertencia u omisión por parte del Sr. Bougeois constituye un error o negligencia excusable** conforme lo reconoce la Regla 49.2 de Procedimiento Civil, *supra.* No se trata de una negligencia crasa ya que existe una explicación válida para la incomparecencia de los miembros de la Junta de Directores de Hacienda Margarita. De hecho, el Sr. Morlá Catalán fue miembro de la Junta de Directores de Hacienda Margarita e incluso llegó a ser su presidente, y conocía que el Sr. Bougeois no fungía activamente como agente residente. Además, este tenía la información de contacto del actual presidente, el Sr. Gerald Bauer, y de los demás miembros de la Junta de Directores, sin embargo, convenientemente decidió no emplazarlos. (Énfasis nuestro).

.         .         .         .         .         .         .         .

Ponderado el expediente ante nos y con el beneficio de la comparecencia del señor Morlá Catalán, mediante su *Oposición a solicitud de expedición de auto de certiorari* presentada el 6 de marzo de 2024, estamos en disposición de resolver.

**II.**

**A.**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, autoriza al tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos; a saber: (a) **error, inadvertencia, sorpresa o negligencia excusable**; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo ser descubierta a tiempo para solicitar un nuevo juicio; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra

razón que justifique la concesión de un remedio contra los efectos de una sentencia. Igualmente, la Regla 49.2 consigna que una moción bajo esta norma no afecta la finalidad de una sentencia ni suspende sus efectos.

En el examen sobre la procedencia o no de una moción de relevo, el tribunal no dilucida los derechos de las partes ni las controversias jurídicas de la demanda, **solamente debe resolver si la parte promovente satisface o no los requisitos estatuidos**. El Tribunal Supremo ha opinado que se debe **examinar si el peticionario tiene una defensa legítima en sus méritos**; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión de la petición de relevo de sentencia. *Reyes v. ELA et al.*, 155 DPR 799, 809-810 (2001) y los casos allí citados. Cuando se invoca el primer fundamento, el promovente debe indicar los hechos y causas específicas de la omisión y demostrar la existencia de una defensa meritoria. *García Colón et al. v. Sucn. González*, 178 DPR 527, 542 (2010). Asimismo, a pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el alto foro ha advertido que ésta **no constituye una "llave maestra" para reabrir controversias** ni es sustituta de un recurso de revisión o una moción de reconsideración. *Vázquez v. López*, 160 DPR 714, 726 (2003).

**B.**

Como se sabe, el ordenamiento jurídico procesal establece que el emplazamiento personal se diligencia mediante la entrega física del documento, unido a la demanda. Regla 4.4 de Proc. Civil, 32 LPRA Ap. V. **El emplazamiento personal es el método idóneo para adquirir jurisdicción**. *Caribbean Orthopedics v. Medshape et al.* 207 DPR 994, 1005 (2021). En lo que atañe, cuando se trata de una corporación, el diligenciamiento se efectúa al entregar "copia del emplazamiento y de la demanda a un o una oficial, gerente administrativo, agente general

o a cualquier otro u otra agente autorizado o autorizada por nombramiento o designado por ley para recibir emplazamientos". 32 LPRA Ap. V, R. 4.4 (e). En torno a lo anterior, el Artículo 3.02 de la Ley General de Corporaciones, 14 LPRA sec. 3542, que versa sobre el agente residente, dispone expresamente que **toda corporación deberá mantener un agente residente, función que puede recaer en un individuo que resida en nuestra jurisdicción**. Con relación al emplazamiento, el Artículo 12.01 de la Ley General de Corporaciones, *Emplazamiento a corporaciones*, 14 LPRA sec. 3781, establece que, en aquellas instancias en que se requiere la comparecencia de la corporación, ésta puede ser emplazada por lo menos seis (6) días previos a la fecha del señalamiento del procedimiento judicial, entre otros, a través del agente inscrito. Asimismo, dispone que el emplazador debe informar claramente la forma del diligenciamiento. Añade el estatuto que, si la comparecencia ha de ser inmediata, el emplazamiento debe entregarse en persona al oficial, director o al agente residente. *Id.*

### III.

En la presente causa, en atención a las disposiciones legales referentes al emplazamiento de corporaciones, el 15 de noviembre de 2023 —catorce (14) días antes del señalamiento de la vista— el señor Martín Isales Campos acreditó la entrega personal al señor Bougeois Fernández de los documentos pertinentes al caso de autos. Es un hecho irrefutable que el señor Bougeois Fernández figura como el agente residente de la corporación desde su creación el 27 de abril de 2005.[12] Éste admitió sin ambages que recibió los documentos y los guardó en una gaveta, pues sostuvo que nunca se enteró ni fue notificado de la designación. No obstante, en el ejercicio de su sana discreción, el TPI denegó el relevo solicitado. Ello así, ya que es norma

---

[12] Refiérase al Departamento de Estado, Certificado de Registro de la Asociación de Propietarios de Hacienda Margarita, Inc. (47152).

asentada que "relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha". *García Colón et al. v. Sucn. González, supra*, pág. 542; *Rivera v. Algarín*, 159 DPR 482, 490 (2003); *Garriga Gordils v. Maldonado Colón*, 109 DPR 817, 823-824 (1980).

Del expediente ante nuestra consideración, no advertimos evidencia tendente a demostrar que el TPI fue arbitrario al denegar el relevo del dictamen pronunciado. La negativa no constituye un error en la aplicación de la Regla 49.2, *supra*, ni del Derecho sustantivo sobre emplazamiento, que justifique nuestra intervención. En virtud de lo anterior, al amparo de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, y en ausencia de abuso de discreción, prejuicio parcialidad o error manifiesto, nos abstenemos de intervenir en este asunto. Tampoco identificamos fundamento alguno que justifique la expedición del auto de *certiorari* en aras de evitar un fracaso de la justicia. En su consecuencia, acordamos denegar la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones