Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| BRENDA LEE MALDONADO MIRANDA<br><br>Demandante Recurrida<br><br>v.<br><br>SUCESIÓN ALEX ORTIZ ORTIZ<br><br>Demandada Peticionaria | KLCE202500174 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Civil Núm.:<br>AI2021CV00474<br><br>Sobre:<br>Compraventa, Daños, Fraude de Acreedores, Incumplimiento de Contrato |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 5 de mayo de 2025.

Comparecen, Yessica Ivette Bernardi Maldonado y la Sucesión de Alex Ortiz Ortiz, compuesta por Keishla Ortiz Bernardi y Aleishka Ortiz Bernardi (la parte peticionaria), vía *certiorari*, a fin de solicitar que revoquemos la *Orden* emitida el 7 de enero de 2025, notificada el 14 de enero de 2025. En dicho dictamen, el Tribunal de Primera Instancia declaró No Ha Lugar una *Solicitud de Relevo de Sentencia.* Por los fundamentos que expresaremos, se expide el auto de *certiorari* y se confirma la determinación recurrida.

En síntesis, y en lo pertinente a nuestra determinación, el 3 de diciembre de 2024, la parte peticionaria presentó una moción mediante la cual solicitaba al foro recurrido el relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. III. En esta, alegó que es nula cierta sentencia emitida y confirmada por el Tribunal de

Apelaciones, cuya determinación presentó al Tribunal Supremo para una revisión que este determinó no atender. Véase, caso núm. KLAN202301130. En específico, razonó que es nula la sentencia porque se incumplió con el debido proceso de ley, ya que dos de las codemandadas eran menores de edad y no se obtuvo autorización judicial para acordar la prorroga del plazo de un contrato de opción de compra. Añadió que hubo confusión de derechos y falta de parte indispensable al no incluir al Banco Popular de PR.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-*

*Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000)).

La Regla 49.2 de Procedimiento Civil, *supra,* provee un mecanismo procesal para solicitar al foro primario el relevo de los efectos de una sentencia, siempre y cuando medien los fundamentos legales. *García Colón et al. v. Sucn. González*, 178 DPR 527 (2010); *De Jesús Viñas v. González Lugo*, 170 DPR 499 (2007). En específico, esta regla dispone que, mediante una moción el tribunal podrá relevar a una parte de una sentencia cuando, por ejemplo, la sentencia sea nula, o exista cualquier razón que justifique la concesión de un remedio contra la sentencia. Regla 49.2 de Procedimiento Civil, *supra; SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* 207 DPR 636, 657 (2021); *HRS Erase v. CMT*, 205 DPR 689 (2020); *López García v. López García*, 200 DPR 50 (2018).

Por otra parte, la concesión del relevo de sentencia es un asunto altamente discrecional, por lo que, es necesario demostrar que existen razones que justifican el remedio solicitado. *Reyes v. E.L.A. et al*., 155 DPR 799, 812 (2001). El reconocimiento de esta acción no es una llave maestra para dejar sin efecto sentencias válidamente dictadas. *Rivera v. Jaume*, 57 DPR 562 (2002).

Por último, conviene destacar que el remedio de relevo de sentencia no está disponible para dilucidar cuestiones sustantivas que debieron presentarse en reconsideración o un recurso de revisión apelativa. *Peña Lacern v. Martínez Hernández et al.*, 210 DPR 425 (2022); *Reyes v. E.L.A. et al*., *supra*. Esta disposición procesal aplica

sólo en aquellas raras instancias en que existe un error jurisdiccional o una violación al debido proceso de ley que privó a una parte de la notificación o de la oportunidad de ser oída. *HRS Erase v. CMT*, 205, *supra,* pág. 699; *SLG Rivera-Pérez v. SLG Díaz- Doe et al.*, *supra*, pág. 657. Ahora bien, esta regla no provee a las partes licencia para dormirse sobre sus derechos. *López García v. López García*, *supra*, pág. 61 (citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., Estados Unidos, Pubs. JTS, 2011, T. IV, pág. 1415).

En el presente caso, el Tribunal de Primera Instancia no excedió su discreción al declarar No Ha Lugar la solicitud de *Relevo de Sentencia.* En el recurso ante nosotros, la parte peticionaria pretende litigar por segunda vez asuntos ya dirimidos con argumentos que fueron conocidos por esta desde el inicio del pleito y que, sin embargo, plantea ahora por primera vez. Recordemos que el relevo de sentencia no puede ser utilizado como un mecanismo para litigar nuevamente controversias que debieron presentarse en el pleito originalmente. Luego el Tribunal de Primera Instancia no incurrió en prejuicio, parcialidad o error manifiesto que justifique expedir el auto solicitado.

Por los fundamentos expuestos, expedimos el auto de *certiorari* solicitado y confirmamos la determinación recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones