Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| MARIE LUZ NAVEDO VEGA

Apelada

v.

RAYMOND VEGA SING

Apelante | TA2025AP00046 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón

Caso Núm.: VB2023CV00545 (502)

Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 6 de agosto de 2025.

Comparece ante nos Raymond Vega Sing ("Apelante" o "señor Vega Sing") mediante *Apelación* presentada el 23 de junio de 2025. Nos solicita la revocación de la *Sentencia* emitida el 25 de marzo de 2025, notificada por edicto, el 4 de abril del mismo año,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario declaró *Ha Lugar* la *Demanda* interpuesta por Marie Luz Nevado Vega ("Apelada" o "señora Nevado Vega") y, en consecuencia, se ordenó la venta de un inmueble en pública subasta por el valor de tasación de ciento veintiséis mil dólares ($126,000.00), más el pago de una renta de cuatrocientos dólares ($400.00) mensuales a favor de la Apelada.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

---

[1] Véase, SUMAC TPI, Entrada 42.

**I.**

El 20 de julio de 2023, la señora Nevado Vega presentó *Demanda* sobre liquidación de comunidad de bienes.[2] Alegó que las partes de epígrafe contrajeron matrimonio el 14 de febrero de 2012. Sostuvo que previo a contraer matrimonio, las partes pactaron unas capitulaciones matrimoniales, mediante la cual establecieron que el régimen económico que regiría sería el de total separación de bienes, aunque no descartaron la posibilidad de adquirir bienes y obligaciones en común. Arguyó que, durante la vigencia del matrimonio las partes adquirieron bienes y obligaciones en común, entre estas, un inmueble sito en el municipio de Vega baja, el cual fue la residencia principal de éstos. De igual forma, la Apelada sostuvo que el Apelante le regaló un vehículo de motor marca Mitsubishi, pero, pese a que fue un obsequio, el aludido vehículo se encontraba a nombre del señor Vega Sing. Esgrimió que, tras once (11) años de matrimonio, el 6 de junio de 2023, las partes se divorciaron mediante escritura pública de divorcio por ruptura irreparable.

Cónsono con lo anterior, la señora Nevado Vega, indicó que desde la disolución del vínculo matrimonial, había intentado, de buena fe, liquidar la comunidad de bienes existente, pero los esfuerzos resultaron infructuosos pues el Apelante había rechazado todo tipo de comunicación con la Apelada. Por todo lo anterior, la señora Nevado Vega solicitó al foro primario que ordenara la liquidación de la comunidad de bienes existente; ordenara al Apelante el pago de una renta mensual por el uso exclusivo de la propiedad; el traspaso del vehículo de motor Mitsubishi a favor de la Apelada; liberar a la Apelada de un préstamo de auto del banco First Bank y, por último, que emitiera una orden sobre el recogido de pertenencias a favor de la Apelada y

---

[2] Véase, SUMAC TPI, Entrada 1.

una prohibición al Apelante de enajenar los bienes pertenecientes a la señara Nevado Vega.

Transcurrido un tiempo, el 14 de septiembre de 2023, la señora Nevado Vega presentó *Moción para que se Autorice el Emplazamiento por Edicto.*[3] Mediante esta, la Apelada explicó que había intentado emplazar al Apelante, pero que todos los intentos del emplazador habían resultado ser inútiles. Por ello, le solicitó al foro primario la autorización para emplazar por edicto. Tras examinar esta moción, el 18 de septiembre de 2023, el foro *a quo* emitió *Orden* y autorizó el emplazamiento por edicto.[4]

Posteriormente, el 29 de septiembre de 2023, la Apelada presentó *Moción para Acreditar la Publicación del Emplazamiento por Edicto y su Notificación.*[5] En esta, informó que el 25 de septiembre de 2023, el periódico *El Vocero de Puerto Rico* publicó, mediante edicto, el emplazamiento del Apelante. Cabe destacar que, ese mismo día, el foro primario dio por cumplido el emplazamiento por edicto.[6] Subsiguientemente, el 30 de octubre de 2023, la Apelada presentó *Moción de Anotación de Rebeldía y Solicitando Vista en Rebeldía.*[7] En esencia, solicitó que se anotara la rebeldía al Apelante y señalara vista en rebeldía para atender en sus méritos la demanda. Consecuentemente, el 31 de octubre de 2023, el foro *a quo* emitió *Orden Procesal* en la que le anotó la rebeldía al señor Vega Sing y señaló juicio en rebeldía para el 28 de noviembre de 2023.[8]

Tras varios asuntos procesales, el 28 de noviembre de 2023, se celebró el juicio en su fondo en el que únicamente compareció la Apelada.[9] Así las cosas, el 24 de marzo de 2025, el foro primario

---

[3] Véase, SUMAC TPI, Entrada 12.
[4] Véase, SUMAC TPI, Entrada 14.
[5] Véase, SUMAC TPI, Entrada 16.
[6] Véase, SUMAC TPI, Entrada 17.
[7] Véase, SUMAC TPI, Entrada 18.
[8] Véase, SUMAC TPI, Entrada 19.
[9] Véase, SUMAC TPI, Entrada 24.

dictó *Sentencia.*[10] Por virtud de la misma, el foro *a quo* dictaminó lo siguiente:

> Por los fundamentos antes expuestos, los cuales se hacen formar parte íntegra de este dictamen, el Tribunal dicta Sentencia declarando HA LUGAR la demanda. En consecuencia, se ordena, en primer lugar, que el inmueble sea vendido en pública subasta por el valor de tasación de $126,000.00. El producto de la venta será distribuido entre las partes en proporción de un cincuenta por ciento (50%) para cada uno, toda vez que no se establecieron cuotas y/o participaciones distintas en la referida Escritura Número 18 de Segregación y Compraventa. Del Demandado no comparecer a la subasta, la participación correspondiente a éste deberá ser consignada en la unidad de cuentas de este Tribunal. En segundo lugar, se ordena al Demandado el pago de una renta de $400.00 mensuales a favor de la Demandante por el uso exclusivo de la propiedad. Dicha renta será pagadera desde la fecha de interposición de la presente demanda el 20 de julio de 2023, hasta que cese el uso exclusivo de la propiedad por parte del Demandado y se le dé acceso a la propiedad a la Demandante, conforme a su derecho. Finalmente, se declara no ha lugar la solicitud de la Demandante para el traspaso del vehículo de motor Mitsubishi Outlander Sport, salvo que la Demandante acredite a este Tribunal el saldo del préstamo del auto.
> Se impone a la parte Demandada el pago de las costas, gastos y $1,500.00 de honorarios de abogado por temeridad.[11]

No empece a lo anterior, el 8 de abril de 2025, compareció el señor Vega Sing, mediante *Escrito Urgente Asumiendo Representacion* [sic] *Legal y Solicitando Relevo de Sentencia Bajo la Regla 49.2 de las de Procedimiento Civil.*[12] En este, argumentó que nunca fue notificado sobre el pleito de epígrafe y que era necesario la celebración de un nuevo juicio. Por su parte, el 6 de mayo de 2025, la Apelada presentó *Oposición a Moción de Relevo de Sentencia.*[13] Mediante este escrito, esbozó que, el señor Vega Sing no tenía derecho a que se le concediera el relevo de la sentencia emitida en este caso. Evaluada las posturas de las partes, el 8 de mayo de 2025, notificada el 9 de mayo del mismo año el foro primario emitió *Resolución Interlocutoria* en la que declaró *No Ha Lugar* el relevo de sentencia.[14]

---

[10] Véase, SUMAC TPI, Entrada 27.
[11] *Íd.*
[12] Véase, SUMAC TPI, Entrada 32.
[13] Véase, SUMAC TPI, Entrada 36.
[14] Véase, SUMAC TPI, Entrada 37.

Posteriormente, el 21 de mayo de 2025, el señor Vega Sing presentó *Réplica a Moción en Oposición a la Solicitud Sobre Relevo de Sentencia y Solicitando la Desestimación por Falta de Parte Indispensable y Carecer de Jurisdicción.*[15] En este escrito, el Apelante sostuvo, entre otras consideraciones, que el pleito no estaba maduro para adjudicarse pues había una serie de asuntos registrales referente al inmueble en controversia que debían atenderse. Atendido este escrito, el 22 de mayo de 2025, el foro primario emitió y notificó *Orden* y expresó lo siguiente: "[v]éase Resolución emitida el 8 de mayo de 2025, y notificada el 9 de mayo de 2025, entrada 37 en SUMAC".[16] Ante esto, el 2 de junio de 2025, el Apelante presentó *Moción Solicitando Reconsideración.*[17] En esta, reiteró que el foro primario carecía de jurisdicción por falta de parte indispensable y solicitó "la reconsideración de la emitida Orden, así como la desestimación del caso reiterándonos en los argumentos de la pasada Moción sobre Desestimación, entrada 38 de SUMAC".[18] Examinado este escrito, el 3 de junio de 2025, notificada el 4 de junio del mismo año el foro *a quo* emitió *Resolución Interlocutoria* y declaró *No Ha Lugar* la solicitud de reconsideración instada.[19]

Así pues, el 23 de junio de 2025, el Apelante presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al ordenar la venta en pública subasta del bien inmueble por el valor de tasación de $126,000.00 para ser distribuido en un 50% para cada uno, toda vez que no se establecieron cuotas y/o participaciones distintas en la referida escritura número 18 de segregación y compraventa.
>
> Erró el Tribunal de Primera Instancia al no relevar la sentencia bajo la Regla 49.2 (b) y 49.2 (f) de

---

[15] Véase, SUMAC TPI, Entrada 38.
[16] Véase, SUMAC TPI, Entrada 39.
[17] Véase, SUMAC TPI, Entrada 40.
[18] *Íd.*
[19] Véase, SUMAC TPI, Entrada 41.

Procedimiento Civil ante el descubrimiento de evidencia esencial [sic] que amerita la solicitud de un nuevo juicio y/o cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Erró el Tribunal de Primera Instancia al expedir orden al Departamento de Transportación y Obras Públicas para realizar el traspaso del vehículo de motor Mitsubishi Outlander a favor de la demandante apelada.

Erró el Tribunal de Primera Instancia al imponer a la parte demandada-apelante el pago de los gastos, costas y $1,500.00 de honorarios de abogado por temeridad.

El 16 de julio de 2025, esta Curia le concedió hasta el 23 de julio de 2025 a la parte Apelada para que presentara su alegato. Oportunamente, el 23 de julio de 2025, la Apelada presentó *Moción de Desestimación por Falta de Jurisdicción*. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

### *A. Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración pues "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia" *Pérez Rodríguez v. López Rodríguez et al.* 210 DPR 163, 178, (2022). "[L]a jurisdicción se refiere al poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.". *Municipio de Río Grande v. Adquisición de Finca 27.661*, 215 DPR__ (2025) 2025 TSPR 36, pág. 10 citando a *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso. *Íd.,* pág. 102.

Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Íd.,* págs. 101-102. (Comillas y citas omitidas).

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones, *supra,* nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. Una apelación o un recurso prematuro, al igual que uno tardío, "sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Consejo Titulares v. MAPFRE,* 215 DPR__ (2024) 2024 TSPR 140, pág. 18 citando a *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001).

**III.**

En el presente recurso, el Apelante nos solicita la revocación de la *Sentencia* emitida el 24 de marzo de 2025 por el foro primario. No obstante, el 23 de julio de 2025, la Apelada presentó *Moción de Desestimación por Falta de Jurisdicción* en la que aduce que el presente recurso se presentó fuera de término ante este Tribunal. Por tanto, previo a entrar en los méritos de la controversia ante nuestra consideración, esta Curia tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso. Efectuado tal ejercicio, notamos que este foro carece de jurisdicción para atender el presente pleito. Por tal razón, no tenemos otra alternativa que desestimarlo. Veamos.

Según surge del expediente, la *Sentencia* apelada se dictó el **24 de marzo de 2025**. Puesto que el Apelante fue emplazado por edicto, la notificación de dicha sentencia se realizó el **4 de abril de 2025**, conforme lo evidenció la señora Nevado Vega en su *Escrito al Expediente Judicial para Acreditar la Publicación y Notificación al Demandado de la Notificación de Sentencia por Edicto,* presentado ante el foro primario el 25 de junio de 2025.[20] **Toda vez que el término jurisdiccional para acudir al Tribunal de Apelaciones mediante Apelación es de treinta (30) días contados a partir del archivo en autos de copia de notificación de la sentencia,** el Apelante contaba hasta el **5 de mayo de 2025** para interponer su recurso ante esta Curia. No empece lo anterior, el señor Vega Sing compareció ante nos el **23 de junio de 2025.**

Del expediente no se desprende que el señor Vega Sing haya interrumpido el término para recurrir a esta Curia mediante solicitud de reconsideración o solicitud de determinaciones de hechos o conclusiones de derecho adicionales. Únicamente se desprende de los autos, la presentación de una moción de relevo de sentencia instada el 8 de abril de 2025 por el Apelante. Nuestro Tribunal Supremo ha aclarado "que utilizar el mecanismo procesal de relevo de sentencia para extender indirectamente el término para recurrir en alzada, atentaría contra la estabilidad y certeza de los procedimientos judiciales, interés fundamental de nuestro ordenamiento jurídico" (citas omitidas). *Reyes v. E. L. A. et al.,* 155 DPR 799, 811 (2001). En otras palabras, la presentación de una moción de relevo de sentencia, incluso cuando la sentencia en cuestión no ha advenido final y firme, **no interrumpe el término** para recurrir ante este foro apelativo.

De otro lado, la aludida moción de relevo de sentencia fue declarada *No Ha Lugar* el **8 de mayo de 2025** y notificada **el 9 de**

---

[20] Véase, SUMAC TPI, Entrada 42.

**mayo de ese año**. Del expediente no se desprende que el Apelante **haya solicitado reconsideración de dicho dictamen.** Por tanto, el Apelante tenía hasta el **9 de junio de 2025** para acudir ante este foro apelativo para solicitar la revisión de la denegatoria del relevo de sentencia.

Por último, del expediente surge que el Apelante presentó un escrito intitulado *Réplica a Moción en Oposición a la Solicitud Sobre Relevo de Sentencia y Solicitando la Desestimación por Falta de Parte Indispensable y Carecer de Jurisdicción* el 21 de mayo de 2025. **Este escrito no fue resuelto por el foro primario.** El 22 de mayo de 2025, el foro *a quo* atendió la aludida moción mediante una *Orden* con la siguiente expresión: "[v]éase Resolución emitida el 8 de mayo de 2025, y notificada el 9 de mayo de 2025, entrada 37 en SUMAC".[21] Inconforme, el 2 de junio de 2024, el Apelante solicitó reconsideración de dicha orden y el 3 de junio del mismo año, notificada al día siguiente, el foro primario emitió *Resolución Interlocutoria* en la que dispuso: "[a]tendida la moción de reconsideración presentada por la parte demandada, se provee no ha lugar".[22] Nótese que el foro primario **nada dispuso en cuanto a la moción de desestimación instada por el Apelante el 21 de mayo de 2025**, por lo cual la misma no ha sido adjudicada.

Ante este cuadro fáctico, es forzoso concluir **que carecemos de jurisdicción para revisar la *Sentencia* emitida el 24 de marzo de 2025,** pues el recurso de epígrafe, el cual **solicita la revocación del mencionado dictamen**, se presentó de manera tardía ante este Tribunal de Apelaciones. En consecuencia, se declara *Ha Lugar* la moción de desestimación instada por la Apelada.

---

[21] Véase, SUMAC TPI, Entrada 39.
[22] Véase, SUMAC TPI, Entrada 41.

## IV.

Por los fundamentos expuestos, **desestimamos** el recurso presentado por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones