Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| BAUTISTA REO PR, CORP.<br><br>Recurrido<br><br>v.<br><br>WILLIAM CALO RIVERA<br><br>Peticionario | KLCE202400475 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: K CD2008-2358<br><br>Sobre: Cobro de dinero y ejecución de prenda e hipoteca |

Panel integrado por su presidente, el juez Figueroa Cabán, la jueza Brignoni Mártir, y el juez Ronda el Toro

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de mayo de 2024.

Comparece, pro se, el señor William Calo Rivera, en adelante el señor Calo o el peticionario, quien solicita que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI, el 4 de abril de 2024 y notificada el día 5 del mismo mes y año. Mediante la misma, se declaró no ha lugar la *Moción de Reconsideración Desestimación, Falta de Jurisdicción y Otros Extremos Procesales*, presentadas por el peticionario.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *certiorari*.

-I-

El **10 de agosto de 2012**, el TPI acogió una moción de sentencia sumaria presentada por el entonces acreedor hipotecario, declaró con lugar una sentencia sobre cobro de dinero y ejecución de prenda e hipoteca; a su vez,

ordenó al señor Calo pagar determinadas cantidades de dinero por concepto de principal, intereses, costas, gastos y honorarios de abogado. En su defecto, el foro recurrido autorizó la ejecución de la prenda e hipoteca y, en consecuencia, la venta en pública subasta de los bienes inmuebles gravados hipotecariamente.[1]

**El 28 de febrero de 2023, aproximadamente un mes antes de que se celebrara la venta en pública subasta**, el señor Calo presentó una *Urgente Moción Paralización Subasta y Otros Extremos Procesales*.[2] En esta solicitó la anulación de la *Sentencia* porque nunca se notificó a una de las partes, a saber, el Internal Revenue Service, en adelante IRS.

Bautista Reo, Corp., en adelante Bautista Reo o el recurrido, se opuso a la urgente solicitud de paralización. Adujo, en síntesis, que emplazó al IRS en la etapa presentencia y que dicha entidad no compareció al pleito. Peor aún, a la fecha en que el peticionario solicitó su reclamo de nulidad de la *Sentencia*, las anotaciones de embargo a favor de IRS habían caducado. Además, alegó que el señor Calo no ostenta legitimación activa para solicitar la defensa de dicha entidad administrativa federal.[3]

Posteriormente, el peticionario presentó una *Moción en Solicitud de Desestimación y Otros Extremos Procesales* en la que reiteró su petición de nulidad de la *Sentencia* por falta de parte indispensable, a saber, el IRS, en cuanto titular de varios embargos con rango preferente al gravamen hipotecario ejecutado.[4]

---

[1] Apéndice del peticionario, págs. 22-32.
[2] *Id.*, págs. 107-117.
[3] *Id.*, págs. 118-144.
[4] *Id.*, págs. 33-47.

En cumplimiento de una *Orden* del TPI[5], el recurrido presentó una *Oposición a Moción en Solicitud de Desestimación y Otros Remedios Procesales,*[6] en la que reiteró los argumentos previamente expuestos en su oposición a la urgente solicitud de paralización.

En dicho contexto procesal, el TPI declaró no ha lugar la moción de desestimación del señor Calo.[7]

Ante esta determinación adversa, el peticionario solicitó reconsideración[8], a lo que se opuso Bautista Reo[9], que finalmente el TPI declaró no ha lugar[10].

Nuevamente insatisfecho, el peticionario presentó un *Recurso de Certiorari* en el que invoca la comisión de los siguientes errores:

> ERRÓ EL TPI AL DECRETAR NO HA LUGAR MOCIÓN DE RECONSIDERACIÓN DESESTIMACIÓN Y OTROS EXTREMOS PROCESALES SIN QUE EL DEMANDANTE SE EXPRESARA.
>
> ERRÓ POR FALTA DE JURISDICCIÓN SOBRE LA MATERIA.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA ORTOGANDO [*SIC*.] MANDAMIENTOS DE EJECUCIÓN DE LA DEUDA SIN AUSCULTAR SU PROPIA JURISDICCIÓN POR NO SER NOTICADA [*SIC*.] LA SENTENCIA A UNA DE LA PARTES, QUE ES ESTADOS UNIDOS DE AMÉRICA Y POR NO SER FINAL LA SENTENCIA A UNA PARTE DEBIDAMENTE EMPLAZADA Y NO NOTIFICADA A ESTADOS UNIDOS DE AMÉRICA, SE CONVIERTE EN UNA SENTENCIA NO FIRME. SEGÚN EL PROPIO DEMANDANTE EN LA PÁGINA 49 DE ESTE *CERTIORARI* "OPOSICIÓN A MOCIÓN DE DESESTIMACIÓN Y OTROS REMEDIOS PROCESALES" Y [E]N EL ÚLTIMO PÁRRAFO CITO "SIN EMBARGO, SI BIEN ES CIERTO QUE NUESTRO ORDENAMIENTO PROVEE PARA LA [*SIC*.] QUE EN EL SUPUESTO EN QUE NO SE LE HAYA NOTIFICADO ADECUADAMENTE DE SU DERECHO DE REVISIÓN, NO SE LE PUEDEN IMPONER LOS TÉRMINOS PARA RECURRIR-SEGÚN ARGUYE LA PARTE DEMANDADA. LA INCURIA OCURRE CUANDO LA PARTE SE LE NOTIFICA LA SENTENCIA Y NO COMPARECE.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RECONOCER LOS SEÑALAMIENTOS DEL DEMANDADO SOBRE LA NOTIFICACIÓN A UNA PARTE DEBIDAMENTE EMPLAZADA Y POR NO COMPARECER ESTADOS UNIDOS DE AMÉRICA, Y NO SE LE NOTIFICA LA SENTENCIA.

---

[5] *Id.*, pág. 48.
[6] *Id.*, págs. 49-57.
[7] *Id.*, pág. 58.
[8] *Id.*, págs. 59-75.
[9] *Id.*, págs. 78-82.
[10] *Id.*, pág. 76.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN LA SENTENCIA POR INFORMACIÓN OFRECIDA POR EL DEMANDANTE QUE OCULTO [*SIC*.] INFORMACIÓN EN SOBRE SOBRE [*SIC*.] LAS PROPIEDADES # 1717 Y #2237 DE LA SENTENCIA A EJECUTAR QUE TIENEN UN GRAVAMEN SUPERIOR POR ESTADOS UNIDOS DE AMÉRICA CON FECHA REGISTRADA EN EL REGISTRO DE LA PROPIEDAD DE PUERTO RICO DE 25 DE JUNIO DE 2003… EL EMBARGO FEDERAL NOTIFICACIÓN # 660348718 Y EL DEMANDANTE REGISTRO [*SIC*.] SU GRAVAMEN EN EL REGISTRO DE LA PROPIEDAD EN LA FECHA 18 DE JULIO DE 2003… QUE ES UN RANGO INFERIOR POR ESTA RAZÓN SOLAMENTE TENÍA QUE SER NOTIFICADA LA SENTENCIA Y POR EL DEBIDO PROCESO DE LEY Y LA CONSTITUCIÓN DE PUERTO RICO Y ESTADOS UNIDOS DE AMÉRICA.

Conforme a la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la facultad de "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho".[11] En consideración a lo anterior, eximimos al recurrido de presentar el escrito en oposición.

Revisados el escrito del peticionario y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[12] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos

---

[11] Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).
[12] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).

interlocutorios.[13] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[14]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[15]

**B.**

La Regla 49.2 de Procedimiento Civil[16] es "el mecanismo que tiene disponible una parte que interese solicitar al foro de instancia "el relevo de los efectos

---

[13] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.

[14] *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

[15] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

[16] Regla 49.2 de las Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 49.2.

de una sentencia cuando esté presente alguno de los fundamentos allí expuestos".[17] Este mecanismo tiene un rol dual: por una parte, adelanta el interés de resolver los casos en sus méritos, haciéndose justicia sustancial, y, por otra, les otorga finalidad a los pleitos.[18]

La referida regla dispone:

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

a. error, inadvertencia, sorpresa o negligencia excusable;

b. descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;

c. fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

d. nulidad de la sentencia;

e. la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

f. cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.[19]

Demostrada una de estas causas, el análisis obligado para conocer la procedencia de una solicitud de dejar sin efecto una sentencia es uno de carácter circunstancial. Esto es, que para su determinación final se tomarán en consideración varios factores, tales como: (1) si el peticionario tiene a su haber una buena defensa; (2) el tiempo que ha mediado entre la sentencia

---

[17] *López García v. López García,* 200 DPR 50 (2018); *García Colón v. Sucn. González*, 178 DPR 527, 539 (2010); *De Jesús Viñas v. González Lugo*, 170 DPR 499, 513 (2007); *Náter v. Ramos*, 162 DPR 616, 624 (2004).
[18] *Id.*
[19] Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.

y la solicitud de relevo; y (3) el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo.[20]

Por otro lado, esta disposición procesal aplica sólo en aquellas raras instancias en que existe un error jurisdiccional o una violación al debido proceso de ley que privó a una parte de la notificación o de la oportunidad de ser oída.[21] Ahora bien, esta regla no provee a las partes licencia para dormirse sobre sus derechos.[22]

En *López García v. López García*, 200 DPR 50, 61-62 (2018), nuestro más alto foro declaró que, como regla general:

> la determinación de relevar a una parte de los efectos de una sentencia está supeditada a la discreción del foro sentenciador. Ahora bien, ello encuentra su excepción en los casos de nulidad o cuando la sentencia ha sido satisfecha. En estos dos escenarios -- pero particularmente, en los casos de nulidad, -- los tribunales no tienen la discreción a la que anteriormente hicimos referencia. Ello, puesto que "si una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado". Es decir, en estas instancias, los tribunales no tienen discreción para relevar los efectos de una sentencia; por el contrario, tienen la obligación de así hacerlo.
>
> . . . . . . . .
>
> Como sabemos, se considera nula toda sentencia que se haya dictado por un tribunal sin jurisdicción sobre la materia o sobre la persona, o cuando el debido proceso de ley ha sido quebrantado. De ahí, la facultad inherente de los tribunales para dejar sin efecto una sentencia nula u obtenida mediante fraude, "ya sea a su propia instancia o a instancia de parte interesada o afectada".[23]

---

[20] *Reyes v. ELA,* 155 DPR 799, 809-810 (2001); *Neptune Packing Corp. v. Wakenhut Corp.,* 120 DPR 283, 291-292 (1988).
[21] *López García v. López García, supra.*
[22] *Id*.; J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. JTS 2011, T. II, pág. 1415.
[23] *López García v. López García, supra*, págs. 61-62.

**-III-**

El peticionario alega que el TPI carece de jurisdicción sobre la materia, violentó su derecho de propiedad y actuó contrario al debido proceso de ley. Adujo que "Estados Unidos de América nunca fue notificada de la sentencia, por lo tanto, la sentencia no ha empezado a de cursar". En su opinión, "[l]a violación al debido proceso de ley del demandado [peticionario] anula la Sentencia…".

Sin embargo, luego de revisar el escrito del peticionario y los documentos que obran en autos, resolvemos que ni el remedio ni la disposición recurrida son contarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*. Además, la etapa procesal en que se presenta el caso no es la más propicia para su consideración. Regla 40(E) del Reglamento del Tribunal de Apelaciones, *supra*.

Como si lo anterior fuera poco, no se configura ninguna de las circunstancias que justifican la expedición del auto bajo cualquier otro de los fundamentos de la Regla 40 de nuestro Reglamento.

**-IV-**

Por los fundamentos antes expuestos, se deniega la expedición del recurso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones