ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ADMINISTRACIÓN DE TERRENOS<br><br>Recurrido<br><br>v.<br><br>CARLOS ROSALY MOLINA Y OTROS<br><br>Peticionarios | TA2025CE00085 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: K PE2008-3007<br><br>Sobre: *Injunction* clásico |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de agosto de 2025.

Comparece el Sr. William Rosaly Molina (señor Rosaly Molina o peticionario) y nos solicita que revoquemos la *Orden* emitida el 6 de mayo de 2025, notificada el día 19 siguiente, por el Tribunal de Primera Instancia de San Juan (TPI). Mediante el referido dictamen, el TPI declaró no ha lugar la *Moción de solicitud de relevo de sentencia por falta de parte indispensable* instada por el peticionario.

Examinado el recurso, resolvemos denegar la expedición de auto de *certiorari* solicitado.

**I.**

Este caso tiene su génesis el 14 de agosto de 2008, ocasión en que se presentó una *Demanda* sobre *injunction* clásico, *injunction* por estorbo, *injunction* bajo la Ley de ARPE,[1] desahucio, daños y perjuicios contra el hermano menor del peticionario, el señor Carlos Rosaly Molina, su esposa, Miriam Rivera Gutiérrez, y la sociedad legal de bienes gananciales compuesta por ambos (SLG Rosaly-Rivera). En esencia, la Administración de Terrenos de Puerto Rico (ATPR) alegó que la SLG Rosaly-Rivera utilizó

---

[1] En referencia a la hoy derogada *Ley Orgánica de la Administración de Reglamentos y Permisos*, 23 LPRA ant. sec. 71 *et seq.*

el predio 10-B de la Finca Rubert Armstrong del Sector Bechara de Puerto Nuevo, sita en el Municipio de San Juan, como lugar para su residencia y para llevar a cabo una serie de actividades comerciales. Todo esto, sin permiso de la ATPR y sin pagar renta. De manera que, la agencia solicitó el desalojo de los demandados.

El 22 de noviembre de 2010, la SLG Rosaly-Rivera compareció mediante *Contestación a Demanda y Reconvención* y aceptó que la ATPR era el titular registral del predio 10-B. Sin embargo, al reconvenir, alegó que adquirió el dominio del predio 10-B por prescripción adquisitiva extraordinaria, ya que ocupó la propiedad en concepto de dueño, de forma pública, pacífica y continua por más de 30 años.

El 25 de octubre de 2011, el Municipio de San Juan (Municipio) solicitó participar del litigio como codemandante. Lo anterior respondió a que, el 6 de mayo de 2011, el ayuntamiento adquirió la finca en controversia, mediante una escritura de cesión y traspaso. El Municipio adoptó todas las alegaciones y solicitudes presentadas por la ATPR. Finalmente, el TPI autorizó la intervención del Municipio.

Tras varios trámites procesales, el TPI emitió *Sentencia Sumaria Parcial* el 3 de mayo de 2012 sobre la solicitud de desahucio. En ella, el TPI examinó la alegación de prescripción adquisitiva extraordinaria y concluyó que no procedía. Razonó que la SLG Rosaly-Rivera no demostró los actos para reconocerla como titular del predio 10-B, por lo que la posesión no fue en concepto de dueño. De manera que no cumplió con los requisitos legales.

Inconforme, la SLG Rosaly-Rivera acudió a este foro intermedio mediante un recurso de apelación.[2] Un panel fraterno confirmó el dictamen impugnado. Insatisfecha todavía, la SLG Rosaly-Rivera acudió al Tribunal Supremo. En reconsideración, el alto foro expidió el recurso y emitió una *Sentencia* por virtud de la cual revocó a ambos foros inferiores.[3]

---

[2] KLAN201201093.
[3] CC-2013-504. Véase, Exhibit IV del recurrido, págs. 18-47.

Nuestra máxima curia determinó que el TPI no debió disponer del caso por la vía sumaria, ya que existía controversia sobre la fecha en que la SLG Rosaly-Rivera y su familia comenzaron a ocupar el predio 10-B; y si el reconocimiento de la titularidad de la ATPR interrumpió el término de 30 años.

Así las cosas, el TPI señaló una vista evidenciaria el 29 de septiembre de 2024, con el fin de auscultar si procedía o no la usucapión. Evaluada la prueba testifical y documental vertida, el TPI procedió a dictar *Sentencia* el 30 de septiembre de 2024.[4] En ésta, desestimó la reconvención incoada por la SLG Rosaly-Rivera, debido a que no logró establecer el cumplimiento de los requisitos necesarios para la adquisición de la propiedad por medio de la usucapión. En consecuencia, ordenó el desalojo de la SLG Rosaly-Rivera de la propiedad y los condenó al pago de $5,000.00 por concepto de honorarios por temeridad, toda vez que obligó al demandante a incoar un pleito que se pudo evitar.

El 15 de octubre de 2024, la SLG Rosaly-Rivera solicitó la reconsideración de la decisión y la adición de determinaciones de hechos y conclusiones de derecho.[5] El 30 de octubre de 2024, el Municipio presentó escrito en oposición.[6] Tras evaluar las posturas de las partes, el TPI denegó variar su dictamen.[7] La decisión judicial no fue apelada, por lo que advino final y firme.

Entonces, el 18 de febrero de 2025, el peticionario Rosaly Molina, hermano mayor de doble vínculo del demandado Carlos, solicitó el relevo de la *Sentencia*, bajo el fundamento de que él era una parte indispensable.[8] Alegó que su padre, Sr. Alcides Rosaly Pérez, fue quien poseyó originalmente el predio en disputa. Indicó ser coheredero de éste, por lo

---

[4] Véase, Apéndice B del peticionario.
[5] Véase, Exhibit I del recurrido.
[6] Véase, Exhibit II del recurrido.
[7] Véase, Exhibit III del recurrido.
[8] Véase, Apéndice C del peticionario.

que la *Sentencia* emitida el 30 de septiembre de 2024 era nula por falta de parte indispensable.

El 13 de marzo de 2025, el Municipio incoó su oposición.[9] Argumentó que, en su solicitud de reconsideración, la SLG Rosaly-Rivera propuso como hecho probado que la madre de los hermanos Rosaly Molina, la Sra. Leonides Molina Ríos, había vivido la propiedad; y no se incluyó al peticionario. Sostuvo que no era parte indispensable ante el hecho que la SLG Rosaly-Rivera, reconveniente de la acción de usucapión, no lo acumuló como parte, sino como un testigo del caso.[10] Argumentó también que sus intereses no se afectaron. De otro lado, el Municipio informó que el señor Rosaly Molina era el promovente de otra acción civil sobre expediente de dominio (SJ2025CV01445). Ante esto, solicitó que se declarara temeraria la petición de relevo, así como la imposición de honorarios de abogados a su favor.

El 19 de mayo de 2025, el TPI notificó la *Orden* recurrida, en la cual únicamente declaró no ha lugar la solicitud del señor Rosaly Molina. Inconforme, el peticionario solicitó la reconsideración del dictamen.[11] El día 6 siguiente, el TPI determinó no dar paso a la reconsideración.[12] No conteste todavía, el peticionario acudió oportunamente ante nos y planteó la comisión de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO EMITIR DETERMINACIONES DE HECHO NI CONCLUSIONES DE DERECHO EN LAS ÓRDENES DONDE DECLARABA NO HA LUGAR LA SOLICITUD DE RELEVO DE SENTENCIA.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE RELEVO DE SENTENCIA POR FALTA DE PARTE INDISPENSABLE MEDIANTE ORDEN EL PASADO 6 DE MAYO DE 2025.

El Municipio instó *Alegato en oposición al recurso de certiorari,* en el que abordó las contenciones planteadas por el peticionario. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

---

[9] Véase, Apéndice D del peticionario.
[10] Véase, Exhibit IV del recurrido, págs. 57-59.
[11] Véase, Apéndice F del peticionario.
[12] Véase, Entrada 2 del peticionario.

**II.**

**A.**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). Para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari* postsentencia, como el del epígrafe, nos guiamos por los criterios consignados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025):

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, como se conoce, este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que*

*incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018) y la jurisprudencia allí citada.

**B.**

En nuestro ordenamiento jurídico, es norma asentada que toda sentencia dictada por un tribunal de justicia goza de una presunción de validez y corrección. *Olmeda Nazario v. Sueiro Jiménez*, 123 DPR 294 (1989); *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445 (1977); *Cortés Piñeiro v. Sucn. A. Cortés*, 83 DPR 685, 690 (1961). Empero, existen circunstancias particulares en las que "nuestro ordenamiento procesal civil permite a una parte solicitar el relevo de los efectos de una sentencia previamente dictada en su contra". *López García v. López García*, 200 DPR 50, 59 (2018). Estas circunstancias son las que abarca la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.

La Regla 49.2 de Procedimiento Civil, *supra*, autoriza al tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos; a saber: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo ser descubierta a tiempo para solicitar un nuevo juicio; (c) fraude, intrínseco o extrínseco, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Conforme lo anterior, la Regla 49.2, *supra*, constituye "el mecanismo que tiene disponible una parte que interese solicitar al foro de instancia el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos". *López García v. López García, supra*, pág. 60; *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010). La norma excluye las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en los incisos (c) o (d) antes mencionados. Aunque una moción bajo este orden procesal no afecta la finalidad de una sentencia ni suspende sus efectos, el tribunal podrá: (1) conocer de un pleito

independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento; (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y (3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Igualmente, dispone la Regla 49.2 de Procedimiento Civil, *supra*, que la moción se debe presentar dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Sin embargo, si el fundamento para solicitar el relevo de la sentencia se basa en su nulidad, el término semestral es inaplicable y el tribunal vendrá obligado a relevarla. *HRS Erase v. CMT*, 205 DPR 689, 699 (2020); *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 922 (2000); *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 244 (1996). Ello es así debido a que cuando una moción al amparo de la Regla 49.2 de Procedimiento Civil, *supra*, se basa en la nulidad de una sentencia y dicha nulidad queda probada, el tribunal queda sin discreción para rechazar la solicitud de relevo y viene obligado a acatarla. *HRS Erase v. CMT, supra*, pág. 698; *López García v. López García, supra*, pág. 61; *Rivera v. Algarín*, 159 DPR 482, 490 (2003).

En el examen sobre la procedencia o no de una moción de relevo, el tribunal no dilucida los derechos de las partes ni las controversias jurídicas de la demanda, solamente debe resolver si la parte promovente satisface o no los requisitos estatuidos. El Tribunal Supremo ha opinado que se debe examinar si el peticionario tiene una defensa legítima en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión de la petición de relevo de sentencia. *Reyes v. ELA et al.*, 155 DPR 799, 809-810 (2001) y los casos allí citados. Ahora, si bien la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el alto foro ha advertido que ésta no constituye una "llave maestra" para reabrir

controversias ni es sustituta de un recurso de revisión o una moción de reconsideración. *Vázquez v. López*, 160 DPR 714, 726 (2003).

### III.

En la causa presente, el señor Rosaly Molina alega que el TPI erró al no emitir determinaciones de hechos y conclusiones de derecho en el dictamen impugnado y sólo declarar no ha lugar su solicitud de relevo de sentencia. De igual forma, aduce que el TPI incidió al descartar su solicitud de relevo de sentencia por falta de parte indispensable. Insiste en que es una parte con un interés legítimo, real y actual. Ello así, al afirmar que residió ininterrumpidamente en dicha propiedad desde su nacimiento y por más cuarenta años, cuando sus padres poseyeron el inmueble y que, junto a su hermano menor Carlos, fue declarado heredero de su padre don Alcides.

Luego de un examen sosegado de la *Orden* impugnada, los alegatos de las partes y el expediente ante nuestra consideración, estimamos que no se satisfacen en absoluto ninguno de los criterios rectores de nuestra reglamentación. Nótese que el mecanismo procesal postsentencia que provee la Regla 49.2 de Procedimiento Civil, *supra*, no exige la celebración de una vista. Al no realizarse una audiencia, es innecesaria la formulación de determinaciones de hechos y conclusiones de derecho. Asimismo, consideramos inmeritorio el argumento de parte indispensable. Recuérdese que fue la SLG Molina-Rivera quien, mediante *Reconvención*, alegó la prescripción adquisitiva extraordinaria, sin incluir al peticionario como parte demandante.[13]

En vista de lo anterior, no hallamos razón alguna bajo la Regla 40 de nuestro Reglamento, *supra*, para variar el dictamen recurrido. Ello así, ya que el peticionario Rosaly Molina no ha demostrado indicios de craso abuso de discreción, prejuicio, parcialidad o error manifiesto que justifiquen nuestra intervención.

---

[13] Surge del expediente ante nos que el peticionario se mudó de la propiedad en 2009. Véase, Exhibit IV del recurrido, pág. 59.

**IV.**

Por las razones expuestas, denegamos la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones