Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| ASOCIACIÓN DE PROPIETARIOS URBANIZACIÓN PARQUE DE ISLA VERDE, INC.<br><br>Parte Apelada<br><br>v.<br><br>JOHN MACEIRA LÓPEZ<br><br>Parte Apelante | TA2025AP00436 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil núm.: CA2024CV03858<br><br>Sobre: Cobro de Dinero – Ordinario |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

Comparece la parte apelante, John Maceira López (Maceira López o apelante) y solicita que revoquemos la *Sentencia* emitida el 12 de marzo de 2025, notificada el 14 de marzo de 2025, por el Tribunal de Primera Instancia, Sala de Carolina. Mediante el referido dictamen, el TPI le anotó la rebeldía a Maceira López y declaró con lugar la demanda sobre cobro de dinero presentada por la parte apelada, Asociación de Propietarios Urbanización Parque de Isla Verde, Inc. (Asociación o apelada). A su vez, solicita que revoquemos las órdenes y resoluciones[1] emitidas por el TPI en las que el foro *a quo* denegó las solicitudes de reconsideración, relevo de sentencia, nulidad de sentencia y otros. El apelante alega que los dictámenes antes mencionados son nulos, debido a que la Asociación no lo emplazó conforme a derecho.

---

[1] *Resolución Final* del 2 de mayo de 2025 (Entrada Núm. 16 SUMAC-TPI); *Orden y Mandamiento de Ejecución de Sentencia* del 18 de julio de 2025 (Entradas Núm. 18 y 19 SUMAC-TPI); *Resolución Interlocutoria* del 26 de agosto de 2025 (Entrada Núm. 25 SUMAC-TPI); *Resolución* del 25 de septiembre de 2025 (Entrada Núm. 33 SUMAC-TPI) y la *Orden* del 7 de octubre de 2025 (Entrada Núm. 35 SUMAC-TPI).

El 12 de noviembre de 2025, la Asociación presentó su alegato en oposición[2] en el que señalaron que el recurso ante nuestra consideración se presentó de forma tardía, por lo que sostienen que este foro apelativo carece de jurisdicción.

Evaluado el recurso, así como el alegato en oposición de la parte apelada, y por fundamentos que expondremos a continuación, desestimamos el mismo por falta de jurisdicción, al haberse presentado de forma tardía.

## I.  Trasfondo procesal y fáctico

El 12 de noviembre de 2024, la Asociación presentó una demanda sobre cobro de dinero en contra de Maceira López, en la que reclamó el cobro de las cuotas de mantenimiento, recargos, intereses y penalidades, según establecidos en el Reglamento de la Asociación, las Escrituras Restrictivas, Escritura de Servidumbre en equidad y/o Contrato entre las partes. Los emplazamientos personales se expidieron al día siguiente.

El 13 de enero de 2025, la Asociación solicitó autorización para emplazar a Maceira López mediante edicto[3]. En esta expresó que le enviaron al demandado, vía correo certificado con acuse de recibo, copia de la demanda y solicitud de renuncia al emplazamiento, pero esta fue devuelta por el servicio de correo postal como rechazada (*refused*) por Maceira López. Añadió que el emplazamiento personal expedido, fue devuelto con diligenciamiento negativo por la Alguacil Gretchen Jerez Seda del Tribunal de Carolina. El 15 de enero de 2025, el TPI denegó la solicitud para emplazar por edictos[4]. El 6 de febrero de 2025, la Asociación presentó *Moción Sometiendo Emplazamiento*

---

[2] Entrada Núm. 3 SUMAC-TPI.

[3] Véase, *Moción Solicitando Emplazamientos por Edicto,* Entrada Núm. 4 de SUMAC-TPI.

[4] Entrada Núm. 5. El TPI basó su denegatoria en que no se acreditaron gestiones suficientes para localizar a Maceira López.

*Diligenciado*[5]*,* en la que informó el diligenciamiento del demandado mediante entrega personal el 4 de febrero de 2025.

Transcurrido el término para que Maceira López presentara alegación responsiva sin que este lo hiciera, el 11 de marzo de 2025, la Asociación presentó solicitud de anotación de rebeldía y sentencia[6], en la que reiteraron que Maceira López fue emplazado personalmente el 4 de febrero de 2025 y que no contestó la demanda en el término requerido.

El 12 de marzo de 2025, notificada el 14 de marzo de 2025, el TPI emitió *Sentencia*[7], en la que expuso que Maceira López fue emplazado y no presentó alegación responsiva dentro del término establecido. Por ello, el TPI le anotó la rebeldía y declaró Con Lugar la demanda y condenó al apelante al pago de $21,500.00, más los intereses legales y $4,758 en concepto de honorarios de abogado. La sentencia fue notificada por correo postal a la última dirección conocida de Maceira López. El 14 de marzo de 2025, la Asociación presentó *Memorandum de Costas*[8] y el TPI concedió a Maceira López diez (10) días para expresar su posición[9].

El **27 de marzo de 2025**, Maceira López, representado por abogado y <u>sin someterse a la jurisdicción</u>, presentó un escrito titulado *Moción de Reconsideración, de Levantamiento de Anotación de Rebeldía, Sentencia Declaratoria, Nulidad Dentro del Mismo Pleito, Oposición a Memorándum de Costas y para Asumir Representación Legal*[10]. Entre otros remedios en contra de la sentencia, Maceira López solicitó el relevo de esta. En resumen, el apelante alegó que el trámite del diligenciamiento del emplazamiento fue defectuoso pues

---

[5] Entrada Núm. 6 de SUMAC-TPI.
[6] Véase, *Moción Solicitando Anotación de Rebeldía y que se dicte Sentencia* (Entrada Núm. 7).
[7] Entrada Núm. 8 SUMAC-TPI.
[8] Entrada Núm. 9 SUMAC-TPI.
[9] Entrada Núm. 10 SUMAC-TPI.
[10] Véase, *Moción de Reconsideración, de Levantamiento de Anotación de Rebeldía, Sentencia Declaratoria, Nulidad Dentro del Mismo Pleito, Oposición a Memorándum de Costas y para Asumir Representación Legal.* (Entrada Núm. 11).

el emplazador no entregó la demanda y emplazamiento a la parte demandada y tampoco lo hizo accesible en su inmediata presencia. No obstante, reconoció que sí recibió los documentos relativos al emplazamiento personal en el buzón de su residencia. Sobre el particular, alegó que dejar el emplazamiento y copia de la demanda en el buzón no cumple con lo establecido en el ordenamiento jurídico. Por ello adujo que dicho defecto viciaba de nulidad el emplazamiento, pues no se hizo conforme a derecho, por lo que la sentencia dictada era nula y procedía el relevo de esta conforme establece la Regla 49.2 de Procedimiento Civil[11]. Además, planteó que, debido a que el emplazamiento no se hizo en su inmediata presencia, este fue defectuoso, lo que permitía la desestimación de la demanda bajo la Regla 10.2 (2), (3) y (4) de Procedimiento Civil[12]. Por otro lado, añadió que hubo otro pleito entre las mismas partes y controversias[13] en el que la Asociación efectuó el emplazamiento incorrectamente y que esta solicitó el desistimiento de dicho caso. A raíz de lo anterior, Maceira López argumentó que, ante una solicitud de relevo de sentencia, procedía que se señalara una vista, ya que existían controversias sobre asuntos jurisdiccionales y de debido proceso de ley.

El 1 de mayo de 2025, la Asociación presentó su oposición[14], en la que hizo un recuento de las gestiones e incidentes para lograr emplazar a Maceira López. En específico, la Asociación alegó que Maceira López intentó por múltiples vías no ser emplazado adecuadamente. Añadió que, junto con la demanda, le enviaron los documentos de renuncia de emplazamiento mediante correo certificado con acuse de recibo y que dicha correspondencia fue rechazada por Maceira López. Por ello, recurrieron a efectuar el

---

[11] 32 LPRA Ap. V, R. 49.2.
[12] 32 LPRA Ap. V, R. 10.2.
[13] CA2023CV02511.
[14] *Moción en Cumplimiento de Orden y Réplica a Moción de Reconsideración* (Entrada Núm. 15 de SUMAC-TPI).

diligenciamiento a través de un alguacil, quien emitió un diligenciamiento negativo. Luego de la negativa del TPI de expedir los emplazamientos por edicto, la Asociación hizo gestiones a través de un emplazador. La Asociación expuso que el 4 de febrero de 2025, el emplazador vio al demandado en la marquesina de su hogar, se le acercó e informó sobre el emplazamiento, dejando los documentos en su presencia, pues este se negó a tomarlos en sus manos[15]. A tales efectos, la Asociación acompañó una declaración jurada suscrita por el emplazador, Víctor A. González Irizarry. Por lo anterior, la Asociación sostuvo que Maceira López fue emplazado correctamente y que este optó por no presentar alegación responsiva en el término dispuesto. Por tanto, solicitó se declarase sin lugar el escrito presentado por Maceira López.

El **2 de mayo de 2025** y notificada en esa misma fecha, el TPI emitió una *Resolución Final[16]* en la que declaró No Ha Lugar los remedios solicitados por Maceira López y aprobó el memorando de costas presentado por la Asociación. Posterior a ello, la Asociación solicitó la ejecución de la sentencia. La orden y mandamiento se expidieron el 22 de julio de 2025. Cabe señalar que Maceira López no solicitó la reconsideración de la *Resolución Final.* Tampoco consta que de esa determinación hubiera recurrido en tiempo ante este Foro.

En esa línea, el **31 de julio de 2025**—esto es, a 91 días de emitida la *Resolución Final* que denegó su solicitud de reconsideración, relevo de sentencia y otras— Maceira López presentó *Escrito Jurado de Nulidad de Sentencia[17],* en el que reprodujo los mismos planteamientos que en su escrito del 27 de marzo de 2025. Reiteró que recibió los documentos del

---

[15] *Íd.,* inciso 10 de la moción.
[16] Entrada Núm. 16.
[17] Entrada Núm. 22.

emplazamiento en el buzón de su residencia, por lo que no fue emplazado personalmente y procedía el relevo de la sentencia. Argumentó que la controversia en torno a si fue debidamente emplazado tenía que dirimirse mediante vista evidenciaria.

En respuesta, la *Asociación* presentó su oposición[18] en la que expuso que el escrito de Maceira López era idéntico al presentado el 27 de marzo de 2025 y que era un intento de reabrir el caso para acudir ante esta Curia, pues la Sentencia advino final y firme desde el 1 de junio de 2025, sin que el demandado acudiera en revisión ante este foro apelativo. El 26 de agosto de 2025, el TPI denegó la solicitud de Maceira López y adoptó los fundamentos esbozados por la Asociación en su escrito en oposición.[19]

Inconforme, el **9 de septiembre de 2025**, Maceira López presentó una *Urgente Moción de Reconsideración y en Solicitud de Vista Evidenciaria[20],* en la que reiteró que había controversia en cuanto a si fue emplazado conforme a derecho y que procedía que se celebrara una vista evidenciaria. En su escrito de réplica[21], la Asociación destacó que, en el primer escrito de relevo de sentencia presentado por Maceira López, este expresó que "recibió los documentos relativos al emplazamiento personal en el buzón de su residencia el sábado, 18 de enero de 2025". En ese sentido, la Asociación puntualizó que, si Maceira López interesaba cuestionar el alegado error en el diligenciamiento del emplazamiento, este pudo haber acudido al TPI mucho antes de que dictara la sentencia en rebeldía, sin embargo, no lo hizo. Por ello, reiteró que la controversia sobre el diligenciamiento del emplazamiento fue dirimida y resuelta adecuadamente por el tribunal y la sentencia dictada es una final y

---

[18] Entrada Núm. 24.
[19] Entrada Núm. 25. En la Resolución, el TPI resolvió como sigue: "Se adopta y hacer formar parte de la presente determinación, los fundamentos que surgen de la Moción en Cumplimiento de Orden y Réplica a Escrito Jurado, presentado por la parte demandante."
[20] Entrada Núm. 26.
[21] Entrada Núm. 28.

firme. Añadió que el demandado dejó pasar el término jurisdiccional para acudir ante este Tribunal.

El 25 de septiembre de 2025, notificada el 1 de octubre de 2025, el TPI declaró No Ha Lugar la urgente solicitud de reconsideración y vista evidenciaria.

Todavía inconforme, el 7 de octubre de 2025, Maceira López presentó escrito titulado *Moción de Desestimación de la Demanda* en la que reprodujo los mismos argumentos de sus escritos anteriores, y añadió el planteamiento de cosa juzgada por el caso CA2023CCV02511[22]. En ese sentido, arguyó que como en el citado caso la Asociación expresó que cometió un error en el diligenciamiento del emplazamiento, aplicaba la doctrina de cosa juzgada, porque la sentencia dictada en ese caso involucraba las mismas partes, la calidad en que lo fueron y versaba sobre las mismas controversias.

El 7 de octubre de 2025, notificada el 8 de octubre de 2025, el TPI emitió la siguiente *Orden*[23]:

> El presente caso tiene una sentencia final y firme. Por lo que el Tribunal no tiene jurisdicción para atender medida dispositiva alguna.

Inconforme, el 13 de octubre de 2025, el apelante acude ante nos mediante recurso de apelación y formula los siguientes señalamientos de error:

A. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DICTAR SENTENCIA EN ESTE CASO, PESE A QUE LA PARTE APELANTE NO FUE EMPLAZADA CONFORME A DERECHO Y NO HA ADQUIRIDO JURISDICCION SOBRE DICHA PARTE.

B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DICTAR ORDEN Y MANDAMIENTO DE EJECUCIÓN DE SENTENCIA EN ESTE CASO Y OTROS DICTÁMENES EN CONTRA DE LA PARTE APELANTE, PESE A QUE LA ÚLTIMA NO FUE EMPLAZADA CONFORME A DERECHO Y NO HA

---

[22] Vale señalar, que, en dicho caso, la Asociación solicitó el desistimiento sin perjuicio, por lo que el 14 de junio de 2024, notificada el 17 de junio de 2024, el TPI dictó sentencia de desistimiento sin perjuicio en el referido caso.
[23] Entrada Núm. 35 SUMAC-TPI.

ADQUIRIDO JURISDICCIÓN SOBRE DICHA PARTE Y TAMPOCO HA PAUTADO VISTA EVIDENCIARIA PARA DIRIMIR EL ASUNTO DEL EMPLAZAMIENTO DE LA PARTE APELANTE.

C. ERRÓ Y ABUSÓ DE SU DISCRECIÓN AL NO RECONOCER LA CONDICIÓN NULA DE SU SENTENCIA Y DEMÁS PRONUNCIAMIENTOS EN EL CASO DE EPÍGRAFE, PESE A QUE LA PARTE APELANTE DECLARÓ BAJO JURAMENTO NO HABER SIDO EMPLAZADA CONFORME A DERECHO Y QUE, EN EL CASO CA2023CV02511, QUE INVOLUCRA A LAS MISMAS PARTES, LA CALIDAD EN QUE LO FUERON CAUSAS Y OBJETO DE ESTE CASO, LA PARTE APELADA TAMPOCO EMPLAZÓ CONFORME A DERECHO A LA PARTE APELANTE.

## II.    Exposición del derecho

### A. Jurisdicción

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[24] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional, pues una sentencia dictada sin jurisdicción es nula.[25] Cónsono con ello, el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[26]

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe.[27] Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a así declararlo y desestimar el recurso, sin entrar en los méritos de la controversia.[28] Cónsono con ello, la Regla 83 del

---

[24] *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Beltrán Cintrón et al. v. ELA et al,* 204 DPR 89, 101 (2020).
[25] *Metro Senior v. AFV,* 209 DPR 203, 208-209 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).
[26] *Ruiz Camilo v. Trafon Group, Inc.*, supra.
[27] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019).
[28] *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157, 165 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.[29]

Por su parte, la Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(a), al igual que la Regla 13 (A) del Reglamento de este Tribunal de Apelaciones[30], concede a las partes un término jurisdiccional de treinta (30) días para instar un recurso de apelación ante nos. Dicho término se cuenta a partir del archivo en autos de copia de la notificación de la sentencia dictada por el Tribunal de Primera Instancia.

Sin embargo, existen remedios posteriores a la sentencia que podrían tener el efecto de interrumpir dicho término, si la moción a tales efetos se presenta de forma oportuna y de acuerdo con la Regla de Procedimiento Civil aplicable. Según el inciso (e) de la Regla 52.2, 32 LPRA Ap. V, R. 52.2(e), entre los remedios que pueden tener el efecto de interrumpir el término para apelar se encuentra la oportuna presentación de una moción de reconsideración al amparo de la Regla 47 de Procedimiento Civil. El referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de la orden que resuelva la moción de reconsideración. *Íd.*

En específico, la Regla 47 de Procedimiento Civil, *supra*, concede a la parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia, la oportunidad de presentar una moción de reconsideración dentro del término de quince (15) días desde la fecha de la notificación de la orden, resolución o sentencia. La solicitud debe exponer con suficiente particularidad y especificidad los hechos y el derecho que se estima deben reconsiderarse.  Regla 47 de Procedimiento Civil, *supra.*

---

[29] 4 LPRA Ap. XXII-B, Regla 83.
[30] Regla 13(A) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 23, 215 DPR __ (2025).

Si se trata de una sentencia, el referido término de quince (15) días es de carácter jurisdiccional.[31] Es norma conocida que un término jurisdiccional es "fatal, improrrogable e insubsanable, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse".[32] En cambio, el plazo para solicitar reconsideración de una orden o resolución es de cumplimiento estricto, lo que significa que puede ser prorrogado por justa causa.[33]

En cuanto a la interrupción del término para ir en revisión al foro apelativo intermedio, la referida regla procesal indica que "[u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". Regla 47 de Procedimiento Civil, *supra.*

A su vez, para que una moción de reconsideración interrumpa el término para que las partes recurran al foro apelativo intermedio, ésta debe presentarse de manera oportuna.[34] En esa línea, el Tribunal Supremo resolvió en *Dumont v. Inmobiliaria Estado, Inc.[35]*, que los tribunales pueden enmendar sustancialmente sus sentencias siempre que éstas no hayan advenido finales y firmes, y el tribunal actúe por motivo de una moción de reconsideración oportunamente presentada y acogida para su consideración según la Regla 47 de Procedimiento Civil, *supra.*

Sin embargo, el Tribunal Supremo ha reconocido, como excepción, que un tribunal puede considerar una moción de

---

[31] *Simons y otros v. Leaf Petroleum Corp. y otros,* 209 DPR 216, 224 (2022).

[32] *Insular Highway v. A.I.I. Co,* 174 DPR 793, 805 (2008).

[33] *Simons y otros v. Leaf Petroleum Corp. y otros,* supra; *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 7 (2014); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013).

[34] *Morales y otros v. The Sheraton Corp.,* supra, pág. 8.

[35] 113 DPR 406, 413 (1982), seguido en *Insular Highway v. A.I.I. Co,* supra, pág. 806.

reconsideración tardía cuando lo que ésta plantea sea de tal envergadura que sería un fracaso de la justicia ignorarlo. Ahora bien, para que los tribunales puedan acoger la moción de reconsideración fuera del término jurisdiccional se tiene que cumplir con la normativa aplicable a las mociones de relevo, según la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2. Lo anterior no afecta la facultad de los tribunales para reconsiderar sus determinaciones *motu proprio* siempre que tengan jurisdicción para hacerlo. Esto es, siempre que sus decisiones no hayan advenido finales y firmes.[36]

En ese sentido, la Regla 49.2 de Procedimiento Civil[37] permite que "bajo aquellas condiciones que sean justas", se releve a una parte de una sentencia, orden o procedimiento. Las causas que, según dispuesto en la referida Regla, justifican la concesión de dicho remedio son las siguientes:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor; o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

---

[36] *Insular Highway v. A.I.I. Co,* supra, págs. 806-807.
[37] 32 LPRA Ap. V., R. 49.2.

Ahora bien, para que proceda una moción de relevo de sentencia, es preciso que se **fundamente** la solicitud en al menos uno de los criterios establecidos en la Regla 49.2*, supra*; *Reyes v. E.L.A. et al.*, 155 DPR 799, 809 (2001). **Además, es norma conocida en nuestro ordenamiento jurídico que en una moción de relevo de sentencia no procede levantar cuestiones sustantivas que debían alegarse como defensas afirmativas antes de que dictara la sentencia.** *Ríos v. Industrial Optic*, 155 DPR 1, 15 (2001). (Énfasis suplido).

No puede perderse de perspectiva que la moción de relevo de sentencia "**no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada**". *Reyes v. E.L.A. et al., supra.* (Énfasis suplido). Tampoco puede utilizarse para sustituir la presentación de un recurso de revisión o de reconsideración. *Piazza v. Isla del Río, Inc.,* 158 DPR 440, 449 (2003).

### III. Aplicación del derecho a los hechos

En el presente caso, el TPI emitió la sentencia apelada el 12 de marzo de 2025, y la notificó el 14 de marzo de 2025. Por consiguiente, el término jurisdiccional de quince (15) días, contados a partir de la notificación de la sentencia, para solicitar la reconsideración de esta al TPI, vencía el 31 de marzo de 2025. El 27 de marzo de 2025, Maceira López presentó oportunamente un escrito en el que solicitó, entre otros, reconsideración de la sentencia, relevo de sentencia, nulidad de sentencia, así como el levantamiento de la anotación de rebeldía y sentencia declaratoria. La referida moción estaba basada en las disposiciones de la Regla 49.2, *supra,* entre otras disposiciones estatutarias. Sin embargo, luego de que el TPI denegara su solicitud mediante la *Resolución Final* del 2 de mayo de 2025, <u>la cual denegó la solicitud de relevo de sentencia</u>, el apelante disponía de un término de quince (15) días

para solicitar al foro *a quo* la reconsideración de la referida resolución o un término de treinta (30) días para acudir ante nos en revisión ante este foro apelativo. **Sin embargo, Maceira López no realizó trámite alguno respecto a la denegatoria del relevo de sentencia hasta el 31 de julio de 2025. Dicho de otro modo, el apelante no recurrió oportunamente de la *Resolución Final* que adjudicó la solicitud de relevo de sentencia y demás remedios solicitados, por lo que ambos términos vencieron.**

Por consiguiente, los escritos presentados por Maceira López ante el TPI luego de vencido el término jurisdiccional para recurrir o acudir en revisión resultan inoficiosos. Lo anterior, debido a que, además de haberse presentado fuera de término y repetir los mismos planteamientos y argumentos esgrimidos por Maceira López en su solicitud del 27 de marzo de 2025, dichos asuntos que fueron resueltos por el TPI en la *Resolución Final* del 2 de mayo de 2025, de la cual el apelante no recurrió oportunamente. En vista de que los términos vencieron, el TPI no tenía jurisdicción para atender su requerimiento. En efecto, así lo expreso el TPI en su *Orden* del 7 de octubre de 2025[38]. De igual forma, este foro carece de jurisdicción para examinar los méritos de su reclamación, por lo que procede su desestimación.

**IV. Parte dispositiva**

Por los fundamentos antes expuestos, desestimamos el recurso, por haberse presentado fuera de término y carecer de jurisdicción para acogerlo.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[38] Entrada Núm. 35 SUMAC-TPI.